Mark E. Merin (State Bar No. 043849)
Paul H. Masuhara (State Bar No. 289805)
LAW OFFICE OF MARK E. MERIN
1010 F Street, Suite 300
Sacramento, California 95814
Telephone:   (916) 443-6911
Facsimile:    (916) 447-8336
E-Mail:         mark@markmerin.com
                    paul@markmerin.com

Attorneys for Plaintiff
CRYSTAL R. SANCHEZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CRYSTAL R. SANCHEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE,<br><br>        Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATION OF CIVIL AND CONSTITUTIONAL RIGHTS**<br><br>**DEMAND FOR JURY TRIAL** |

## INTRODUCTION

This action involves the unlawful seizure and towing of CRYSTAL R. SANCHEZ's vehicle by Deputy ALBEE, a law enforcement officer employed by the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

## JURISDICTION & VENUE

1. This Court has jurisdiction over the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S. Constitution). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

2. Venue is proper in the United State District Court for the Eastern District of California

1

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and because many of the acts and/or omissions described herein occurred in the Eastern District of California.

3. Intradistrict venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Sacramento, California.

## EXHAUSTION

4. Plaintiff CRYSTAL R. SANCHEZ submitted a government claim to the COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT regarding the claims asserted herein and received on June 17, 2019. The government claim was rejected on July 30, 2019.

## PARTIES

5. Plaintiff CRYSTAL R. SANCHEZ is a resident of the State of California, County of Sacramento.

6. Defendant COUNTY OF SACRAMENTO is a "public entity" within the definition of Cal. Gov. Code § 811.2.

7. Defendant SACRAMENTO COUNTY SHERIFF'S DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2.

8. Defendant ALBEE is, and at all times material herein was, a law enforcement officer and employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, acting within the scope of that employment. Defendant ALBEE is sued in his individual capacity.

## GENERAL ALLEGATIONS

9. At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

10. Plaintiff CRYSTAL R. SANCHEZ is a socially-concerned resident of the County of Sacramento who is a member of the Sacramento Homeless Organizing Committee, the Sacramento Tenants' Union, and the Poor People's Campaign. She also heads a non-profit organization whose mission it is to assist needy persons who suffer from homelessness.

11. For months prior to May 20, 2019, Plaintiff CRYSTAL R. SANCHEZ has been assisting

2

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

homeless persons who were living on an undeveloped lot located in the 5700 block of Stockton Boulevard in the County of Sacramento, providing food, arranging transportation and providing other assistance as required. She was also instrumental in connecting the scores of people living outdoors on the lot with other persons who could provide other assistance.

12. On May 1, 2019, Plaintiff CRYSTAL R. SANCHEZ was assisting homeless people on the 5700 Stockton Boulevard lot who had been given notice by the County of Sacramento that they would have to vacate their encampment and, during the time she was providing that assistance, had come in contact on several occasions with Defendant ALBEE, a law enforcement officer employed by Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT.

13. Plaintiff CRYSTAL R. SANCHEZ and about 50 other persons were protesting the clearing of homeless people from the 5700 Stockton Boulevard lot and the destruction of their belongings.

14. Plaintiff CRYSTAL R. SANCHEZ attempted to help homeless folks being evicted from the 5700 Stockton Boulevard lot to pack-up their belongings, but was barred by Defendant ALBEE from reentering the property and told by Defendant ALBEE that she was "this close to being arrested."

15. On May 17, 2019, Plaintiff CRYSTAL R. SANCHEZ was attending a meeting to discuss negotiations with the County of Sacramento to permit homeless individuals to return to the site from which they had been evicted. She was informed by one of the homeless persons who had previously resided at 5700 Stockton Boulevard lot and who was now camped around the corner near the Slavic Hall that Sacramento County Sheriff's Department deputies were arresting people.

16. Plaintiff CRYSTAL R. SANCHEZ went to the location to observe and assist when she was accosted by Defendant ALBEE.

17. Defendant ALBEE called Plaintiff CRYSTAL R. SANCHEZ by name, immediately handcuffed her, and accused her of driving without a valid California Driver's License.

18. Defendant ALBEE told Plaintiff CRYSTAL R. SANCHEZ that her car would be towed, even though he had not seen her driving the vehicle, and even though there were several people who stepped forward with valid California Driver's Licenses and indicated they were ready and willing to

3

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

take custody of Plaintiff CRYSTAL R. SANCHEZ's vehicle.

19. Defendant ALBEE responded to the persons ready to take custody of Plaintiff CRYSTAL R. SANCHEZ's vehicle, so that the food and equipment in the vehicle would not be spoiled or stolen, that he was towing the vehicle and would have it impounded for 30 days because he was permitted to take that action by Cal. Veh. Code § 14601.

20. Defendant ALBEE then stated to someone over his radio that "I got one of the protesters."

21. Defendant ALBEE then searched Plaintiff CRYSTAL R. SANCHEZ's vehicle and everything in the vehicle, including Plaintiff CRYSTAL R. SANCHEZ's purse which was closed. Defendant ALBEE opened Plaintiff CRYSTAL R. SANCHEZ purse and went through the items inside of the purse.

22. Plaintiff CRYSTAL R. SANCHEZ's vehicle was towed and impounded and she has not yet been able to raise the funds to get it released from the tow yard to which it was taken. As a result, Plaintiff CRYSTAL R. SANCHEZ had been deprived of the use of her vehicle, can not make it available to others with valid driver's licenses so that her service work to homeless people can continue.

23. Defendant ALBEE's actions were intentional and malicious. He targeted Plaintiff CRYSTAL R. SANCHEZ, interfered, and retaliated against her because of her leadership position on providing assistance to homeless persons camped at the 5700 Stockton Boulevard lot.

## FIRST CLAIM

### Retaliation

**(First Amendment of the U.S. Constitution; 42 U.S.C. § 1983)**

24. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendant ALBEE.

25. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

26. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, retaliated against Plaintiff CRYSTAL R. SANCHEZ for engaging in constitutionally-protected activity with the intent to inhibit the protected activity, in violation of her rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

4

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

27. Defendant ALBEE's actions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff CRYSTAL R. SANCHEZ's rights protected by the First Amendment of the U.S. Constitution, or were wantonly or oppressively done.

28. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory and punitive damages.

WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

## SECOND CLAIM

### False Detention/Arrest

### (Fourth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

29. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendant ALBEE.

30. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

31. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, falsely detained/arrested Plaintiff CRYSTAL R. SANCHEZ, without a warrant and without probable cause, in violation of her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

32. Defendant ALBEE's actions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff CRYSTAL R. SANCHEZ's rights protected by the Fourth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

33. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory and punitive damages.

WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

## THIRD CLAIM

### Unreasonable Seizure

### (Fourth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

34. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendant ALBEE.

35. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

5

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

36. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, unreasonably seized Plaintiff CRYSTAL R. SANCHEZ's property, without a warrant and without probable cause, in violation of her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

37. Defendant ALBEE's actions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff CRYSTAL R. SANCHEZ's rights protected by the Fourth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

38. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory and punitive damages.

WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

## FOURTH CLAIM

### Unreasonable Search

### (Fourth Amendment of the U.S. Constitution; 42 U.S.C. § 1983)

39. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendant ALBEE.

40. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

41. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, unreasonably searched Plaintiff CRYSTAL R. SANCHEZ and her property, without a warrant and without probable cause, in violation of her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution.

42. Defendant ALBEE's actions were motivated by evil motive or intent, involved reckless or callous indifference to Plaintiff CRYSTAL R. SANCHEZ's rights protected by the Fourth Amendment of the U.S. Constitution, or were wantonly or oppressively done.

43. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory and punitive damages.

WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

\ \ \

\ \ \

6

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

# FIFTH CLAIM

## False Detention/Arrest

### (Article I, § 13 of the California Constitution)

44. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE.

45. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

46. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, falsely detained/arrested Plaintiff CRYSTAL R. SANCHEZ, without a warrant and without probable cause, in violation of her rights protected by article I, section 13 of the California Constitution.

47. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendant ALBEE.

48. Defendant ALBEE's actions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff CRYSTAL R. SANCHEZ.

49. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE; and punitive damages against Defendant ALBEE.

WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

# SIXTH CLAIM

## Unreasonable Seizure

### (Article I, § 13 of the California Constitution)

50. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendants

7

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE.

51. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

52. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, unreasonably seized Plaintiff CRYSTAL R. SANCHEZ's property, without a warrant and without probable cause, in violation of her rights protected by article I, section 13 of the California Constitution.

53. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendant ALBEE.

54. Defendant ALBEE's actions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff CRYSTAL R. SANCHEZ.

55. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE; and punitive damages against Defendant ALBEE.

WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

## SEVENTH CLAIM

**Unreasonable Search**

**(Article I, § 13 of the California Constitution)**

56. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE.

57. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

8

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

58. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, unreasonably searched Plaintiff CRYSTAL R. SANCHEZ and her property, without a warrant and without probable cause, in violation of her rights protected by article I, section 13 of the California Constitution.

59. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendant ALBEE.

60. Defendant ALBEE's actions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff CRYSTAL R. SANCHEZ.

61. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE; and punitive damages against Defendant ALBEE.

WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

## EIGHTH CLAIM

**Bane Act**

**(Cal. Civ. Code § 52.1)**

62. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE.

63. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

64. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer

   a. retaliated against Plaintiff CRYSTAL R. SANCHEZ for engaging in constitutionally-protected activity with the intent to inhibit the protected activity, in violation of her rights

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

     protected by the First Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, sections 2 and 3 of the California Constitution;

  b. falsely detained/arrested Plaintiff CRYSTAL R. SANCHEZ, without a warrant and without probable cause, in violation of her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, section 13 of the California Constitution;

  c. unreasonably seized Plaintiff CRYSTAL R. SANCHEZ's property, without a warrant and without probable cause, in violation of her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, section 13 of the California Constitution;

  d. unreasonably searched Plaintiff CRYSTAL R. SANCHEZ and her property, without a warrant and without probable cause, in violation of her rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) of the U.S. Constitution and article I, section 13 of the California Constitution

with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive Plaintiff CRYSTAL R. SANCHEZ of her constitutional rights.

  65. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendant ALBEE.

  66. Defendant ALBEE's actions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff CRYSTAL R. SANCHEZ.

  67. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory damages and statutory penalties against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE; and punitive damages against Defendant ALBEE.

  WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

10

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

## NINTH CLAIM

### False Imprisonment

68. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE.

69. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

70. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, intentionally deprived Plaintiff CRYSTAL R. SANCHEZ of her freedom of movement by use of handcuffs, which compelled her detention for an appreciable time, and she did not voluntarily consent to the restraint.

71. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendant ALBEE.

72. Defendant ALBEE's actions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff CRYSTAL R. SANCHEZ.

73. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE; and punitive damages against Defendant ALBEE.

WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

## TENTH CLAIM

### Trespass

74. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE.

11

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

75. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

76. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, intentionally, recklessly, or negligently seized and searched Plaintiff CRYSTAL R. SANCHEZ's property, without permission or consent.

77. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendant ALBEE.

78. Defendant ALBEE's actions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff CRYSTAL R. SANCHEZ.

79. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE; and punitive damages against Defendant ALBEE.

WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

## ELEVENTH CLAIM

### Intentional Infliction of Emotional Distress

80. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE.

81. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

82. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, engaged in outrageous conduct, with intent or reckless disregard of the probability that Plaintiff CRYSTAL R. SANCHEZ would suffer emotional distress, and she did suffered severe emotional distress as a result.

12

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

83. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendant ALBEE.

84. Defendant ALBEE's actions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff CRYSTAL R. SANCHEZ.

85. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE; and punitive damages against Defendant ALBEE.

WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

### TWELFTH CLAIM

#### Negligence

86. This Claim is asserted by Plaintiff CRYSTAL R. SANCHEZ against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE.

87. Plaintiff CRYSTAL R. SANCHEZ realleges and incorporates the allegations of the preceding paragraphs 1 to 23, to the extent relevant, as if fully set forth in this Claim.

88. Defendant ALBEE, acting or purporting to act in the performance of his official duties as a law enforcement officer, owed Plaintiff CRYSTAL R. SANCHEZ a duty of care and breaching that duty by

    a. retaliating against Plaintiff CRYSTAL R. SANCHEZ for engaging in constitutionally-protected activity with the intent to inhibit the protected activity;

    b. falsely detaining/arresting Plaintiff CRYSTAL R. SANCHEZ, without a warrant and without probable cause;

    c. unreasonably seizing Plaintiff CRYSTAL R. SANCHEZ's property, without a warrant and without probable cause; and

13

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

   d.  unreasonably searching Plaintiff CRYSTAL R. SANCHEZ and her property, without a warrant and without probable cause.

  89. Pursuant to Cal. Gov. Code §§ 815.2(a) and 820(a), Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT are indirectly and vicariously liable, through the principles of *respondeat superior*, for injuries proximately caused by acts or omissions of their employees acting within the scope of their employment, including Defendant ALBEE.

  90. Defendant ALBEE's actions constituted oppression, fraud, and/or malice resulting in great harm to Plaintiff CRYSTAL R. SANCHEZ.

  91. As a direct and proximate result of Defendant ALBEE's actions, Plaintiff CRYSTAL R. SANCHEZ suffered injuries entitling her to receive compensatory damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE; and punitive damages against Defendant ALBEE.

  WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ prays for relief as hereunder appears.

### **PRAYER FOR RELIEF**

  WHEREFORE, Plaintiff CRYSTAL R. SANCHEZ seeks Judgment as follows:

  1. For an award of compensatory, general, and special damages against Defendants COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE, according to proof at trial;

  2. For an award of exemplary/punitive damages against Defendant ALBEE, in an amount sufficient to deter and to make an example of him, because his actions, as alleged, were motivated by evil motive or intent, involved reckless or callous indifference to constitutionally-protected rights, or were wantonly or oppressively done, and/or constituted oppression, fraud, or malice resulting in great harm to Plaintiff CRYSTAL R. SANCHEZ;

  3. For an award of statutory penalties, pursuant to Cal. Civ. Code § 52.1 and any other statute as may be applicable;

  4. For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

14

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

5. For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: August 12, 2019							Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone:	(916) 443-6911
    Facsimile:	(916) 447-8336

      Attorneys for Plaintiff
      CRYSTAL R. SANCHEZ

15

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____

**JURY TRIAL DEMAND**

A JURY TRIAL IS DEMANDED on behalf of Plaintiff CRYSTAL R. SANCHEZ.

Dated: August 12, 2019                               Respectfully Submitted,

By: _____
    Mark E. Merin
    Paul H. Masuhara
    LAW OFFICE OF MARK E. MERIN
    1010 F Street, Suite 300
    Sacramento, California 95814
    Telephone:    (916) 443-6911
    Facsimile:    (916) 447-8336

        Attorneys for Plaintiff
        CRYSTAL R. SANCHEZ

16

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Sanchez v. County of Sacramento*, United States District Court, Eastern District of California, Case No. _____