UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL R. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:19-cv-01545-MCE-AC<br><br><br><br>ORDER |

This case is before the court on plaintiff's motion to compel responses to her requests for production, and for expenses. ECF Nos. 13, 16 (joint statement). This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). The parties met and conferred but were unable to reach an agreement. ECF No. 16 at 3. Plaintiff and defendants participated in a hearing on February 5, 2020 at 10:00 a.m. For the reasons stated below, the court grants the motion in part and denies it in part. The court further orders the entry of a stipulated protective order. The court declines to award attorneys' fees and costs.

**I.      Relevant Background**

Plaintiff filed this case on August 12, 2019. ECF No. 1. The following is a summary of plaintiff's allegations. Plaintiff is a resident of the County of Sacramento who is a member of the Sacramento Homeless Organizing Committee, the Sacramento Tenants' Union, and the Poor People's Campaign. ECF No. 1 at 2. Plaintiff also heads a non-profit organization whose

1

mission is to assist needy persons who suffer from homelessness. Id. For months prior to May 20, 2019, plaintiff had been assisting homeless persons who were living on an undeveloped lot located in the 5700 block of Stockton Boulevard ("5700 lot") in the County of Sacramento. Id. at 3.

On May 1, 2019, plaintiff was assisting homeless people on the 5700 lot who had been given notice by the County of Sacramento that they would have to vacate their encampment, and during that time, she came into contact several times with defendant "Allbee," a law enforcement officer employed by defendants the County of Sacramento and Sacramento County Sherriff's Department. Id. Plaintiff and about 50 other persons were protesting the clearing of homeless people from the 5700 lot and the destruction of their belongings. Id. When plaintiff attempted to help people pack up their belongings, she was barred from re-entering the property by Officer Allbee and was told that she was "this close to being arrested." Id.

On May 17, 2019, plaintiff was attending a meeting to discuss negotiations with the County of Sacramento to permit homeless individuals to return to the 5700 lot. Id. She was informed by one of the homeless persons who had previously resided at the 5700 lot that the Sacramento County Sherriff's Department deputies were arresting people. Id. Plaintiff went to the location to observe and assist when she was confronted by Officer Allbee, who immediately handcuffed her and accused her of driving without a valid California Driver's License. Id. Officer Allbee told plaintiff that her car would be towed. Id. Plaintiff responded that there were persons ready to take custody of her vehicle so that the food and equipment in the vehicle would not be spoiled or stolen, to which Officer Allbee responded that he was towing the vehicle and would have it impounded for 30 days pursuant to Cal. Veh. Code § 14601. Id. at 4.

Officer Allbee stated to someone over the radio "I got one of the protestors" and proceeded to search plaintiff's vehicle, including plaintiff's purse, which was closed. Plaintiff's vehicle was impounded. Plaintiff alleges Officer Allbee's actions were intentional and malicious, and that the Officer targeted plaintiff because of her leadership position in providing assistance to the homeless persons at the 5700 lot.

////

The parties have been engaging in discovery, and plaintiff served her first set of requests for production (RFP's) on defendant County of Sacramento ("the County") pursuant to Fed. R. Civ. P. 34 on October 11, 2019. ECF No. 16 at 2. The County served responses and objections to the requests on November 15, 2019; no documents were produced. Id.

## II. Motion

The parties represent in their joint statement that several previously disputed items have been at least tentatively resolved by meet and confer efforts, including conflicts related to RFP Nos. 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36. At the hearing, plaintiff indicated production had not yet occurred. The court indicated at the hearing that it would not address these RFPs substantively, but would deny the motion as to them, without prejudice, in light of the tentative resolution.

Conflicts remain with respect to RFP Nos. 2 (Government Claim), 7 (Allbee Personnel Files), 17 (First Affirmative Defense), 18 (Second Affirmative Defense), 19 (Third Affirmative Defense), 20 (Fourth Affirmative Defense), 21 (Fifth Affirmative Defense), 22 (Sixth Affirmative Defense), 23 (Seventh Affirmative Defense), 24 (Eighth Affirmative Defense). These disputed requests are addressed individually below. Plaintiff further requests an award of expenses, including attorneys' fees, should her motion be granted in whole or in part.

## III. Analysis

### A. Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not

establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir.1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir.2005).

B. RFP No. 2 (Government Claim)

Plaintiff's FRP No. 2 (Government Claim) reads as follows: "All DOCUMENTS relating to the 'Claim Against the County of Sacramento & Sacramento County Sheriff's Department' submitted by Plaintiff CRYSTAL R. SANCHEZ to Defendants COUNTY OF SACRAMENTO and SACRAMENTO COUNTY SHERIFF'S DEPARTMENT concerning the subject of the instant action—including, but not limited to, interviews conducted, statements received, correspondence sent or received, reports and memos prepared." ECF No. 16 at 7. Defendant responded as follows: "Objection. Vague as to the phrase 'all documents relating to' as calls for speculation, and such is not reasonably limited in context, scope or time, assumes facts, and seeks to invade the Attorney-Client Privilege and/or Work-Product Doctrine insofar as it is not reasonably limited in time. See In re Grand Jury Investigation, 974 F.2d 1068, 1070-71 (9th Cir. 1992); United States v. Christensen (9th Cir. 2016) 828 F.3d 763, 805. Defendants further object that the request seeks documents which are protected by County employees' Constitutional right to privacy in medical records. Without waiver of said objections, and insofar as this request seeks the documents constituting the underlying investigation, Sheriff's Department Report Case No. 2019-0171120, and excluding attorney client communications and/or work product related to this litigation, Defendant responds as follows: See documents previously produced as COUNTY 000001-0000017." Id.

Defendant's objections that this RFP is vague and overbroad are valid, and the court rejects plaintiff's argument that the objections should be disregarded as mere boilerplate. "[G]eneral or boilerplate objections such as 'overly burdensome and harassing' are improper— especially when a party fails to submit any evidentiary declarations supporting such objections." A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006) (internal citations omitted). However, while boilerplate objections not tied to any particular issue are unacceptable, a particularized objection on the basis of overbreadth or vagueness is permissible. Defendant's objection that the "all documents relating to" language is vague and overbroad is a sufficiently particularized objection, and it is not without merit. Though plaintiff specifies "interviews conducted, statements received, correspondence sent or received, reports and memos prepared," she also uses "including, but not limited to" language. Aside from document type, the "relating to" language is vague in this context because the scope of what could "relate to" plaintiff's complaint, unconstrained by time, content, authorship, or any other limiting factor, could include a huge quantity of documents, much of which would likely not be relevant to this case. The court agrees with defendants that plaintiff's full request is vague and overbroad as framed, and declines to compel production as to this RFP.

### C. RFP No. 7 (Allbee Personnel Files)

Plaintiff's RFP No. 7 (Allbee Personnel Files) reads as follows: "All DOCUMENTS relating to Defendant ALLBEE's personnel files - including, but not limited to educational records, employee performance appraisals, training records, employment applications, letters of recommendation, letters of commendation, discipline records, employee orientation records, records of promotion; and memoranda regarding any changes in assignment." ECF No. 16 at 15-16. Defendant responded as follows: "Objection. Defendant objects to this request to the extent it seeks documents in violation of the right to privacy guaranteed under the Constitution of the State of California. Defendant further objects that this request is overbroad, harassing, and not reasonable calculated to lead to discoverable information to the extent it seeks documents pertaining to, among other things, health insurance, retirement, banking, and medical information.

////

In addition, this request seeks information that is irrelevant or subject to privacy as provided by federal and state law. The defects in this request preclude defendant from responding." Id.

1. Overbreadth and Relevance Objections

Defendant's objection on the basis of overbreadth and vagueness, specifically to the "all documents relating to" language of this RFP, is legitimate—but unlike RFP No. 2, this RFP can be fairly construed as limited to Officer Allbee's personnel file to resolve any concerns regarding vagueness and overbreadth. Defendants' relevance objection is meritless; the arresting officer's personnel file is clearly relevant to plaintiff's claims of constitutional violations regarding her interactions with the Officer. Indeed, personnel files are routinely requested in cases where officers are alleged to have violated a plaintiff's constitutional rights. Courts in the Ninth Circuit have routinely held that personnel files are discoverable in federal cases, despite claims of privilege. Garrett v. City & County of San Francisco, 818 F.2d 1515, 1519, n.6 (9th Cir. 1987) ("This court has held that personnel files are discoverable in federal question cases, including Title VII actions, despite claims of privilege."); Soto v. City of Concord, 162 F.R.D. 603, 615 (N.D. Cal. 1995) (personnel files of defendant-officers in excessive force cases contain a variety of relevant information, and are discoverable over claims of privilege); Myles v. City of San Diego, No. 15CV1985-BEN (BLM), 2016 WL 2343914, at *12 (S.D. Cal. May 4, 2016) ("citizen complaints against law enforcement involving excessive force are relevant in civil rights cases[.]").

2. Privacy Right Objection

As to the defendant's contention that disclosure will violate Officer Allbee's privacy rights, the court is not persuaded. It is true that federal courts recognize a constitutionally-based right of privacy that may be asserted in response to discovery requests. Soto, 162 F.R.D. at 616. However, privacy objections are subject to balancing the need for the requested information against the asserted privacy right. Id. "In the context of the disclosure of police files, courts have recognized that privacy rights are not inconsequential . . . However, these privacy interests must be balanced against the great weight afforded to federal law in civil rights cases against police departments." Id. "Current case law suggests the privacy interests police officers have in their

personnel files do not outweigh plaintiff's interests in civil rights cases." Dowell v. Griffin, 275 F.R.D. 613, 617 (S.D. Cal. 2011) (citing Soto, 162 F.R.D. at 617; Hampton v. City of San Diego, 147 F.R.D. 227, 230 (S.D.Cal.1993); Miller v. Pancucci, 141 F.R.D. 292, 301 (C.D.Cal.1992)

Privacy concerns with respect to Officer Allbee's personal information can be addressed with appropriate redaction of irrelevant personally identifying information (e.g. social security number) and with the entry of a standard stipulated protective order. The court notes that no stipulated protective order has been entered in this case. Production responsive to this RFP will be conditioned on the entry of a stipulated protective order, which shall be filed with the court. Plaintiff's counsel also acknowledged at the hearing that the Officer's medical records are not sought, so privacy concerns specific to medical information are moot. With the above described limitations, plaintiff's motion is granted as to RFP No. 7.

### D. Affirmative Defense Objections (RFP Nos. 17-24)

Plaintiff's RFP's related to defendant's affirmative defenses, and the associated responses from defendant, are identical, save for the affirmative defense number. They read as follows: "RFP No. [17-24] ([First-Eighth] Affirmative Defense) "All DOCUMENTS supporting the alleged '[First-Eighth] Affirmative Defense' contained in YOUR Answer." ECF No. 16 at 23-29. Defendant County responded: "Objection. Assumes facts, calls for speculation. Without waiver: All documents produced by any party in this case." Id.

Plaintiff argues that defendant's conditional response of "[a]ll documents produced by any party in this case" is unacceptable because a response must specifically identify responsive documents by bates number for each document request. ECF No. 16 at 21. Defendant responds that each question is not narrowly tailored to the defense at issue, and therefore necessarily invokes "any and every possible document in the case." See Id. at 25. Defendant's affirmative defenses are as follows: (1) qualified immunity; (2) California Government Code §§ 815 (public entity liability and limitations) and 815.2 (public entity not liable for employee conduct where employee is immune from suit); (3) California Government Code § 820.2 (public entity not liable for employee conduct); (4) California Government Code § 820.4 (public entity not liable for employee conduct because employees exercised due care in execution of law enforcement); (5)

7

California Government Code § 820.8 (public entity not liable for acts of employees because employee cannot be liable for the acts or omissions of another person); (6) comparative negligence; (7) failure to mitigate damages; and (8) unclean hands. See ECF No. 7 (Answer).

"Federal Rule of Civil Procedure 11, 'which requires parties to have some factual basis for their claims and allegations,' allows for requests seeking documents to support a defendant's affirmative defenses." Uribe v. McKesson, No. 08-cv-1285 DMS (NLS), 2010 WL 653975, at *4 (E.D. Cal. Feb. 19, 2010) (citing Nat'l Acad. of Recording Arts & Scis., Inc. v. On Point Events, LP, 256 F.R.D. 678, 682 (C.D. Cal. 2009)). Defendant is correct that most of its affirmative defenses likely implicate a wide range of documents that are also responsive to other requests. However, other courts have found in similar situations that an "all documents" response is not entirely sufficient. "Simply stating that 'all documents produced thus far support [our] good faith affirmative defense . . .' is vague. . . . Defendants have not unequivocally stated whether they have produced all documents responsive[.] While defendants are correct that they are not required to point to the individual documents or provide an index of documents as long as they are produced as they are kept in the usual course of business, plaintiffs are entitled to an unequivocal response that no additional responsive documents exist." Kellgren v. Petco Animal Supplies, Inc., No. 13-cv-644 L (KSC), 2016 WL 4097522, at *5 (S.D. Cal. July 7, 2016).

Plaintiff's motion as to the affirmative defense RFPs is granted in part, as in Kellgren. Defendant is not required to specifically link each produced document to an RFP insofar as documents are produced as they are kept in the ordinary course of business, however, the court will require that "defendant submit a written declaration signed under penalty of perjury by an appropriate representative, other than outside counsel, stating that 'to the best of [his or her] knowledge, information, and belief formed after a reasonable inquiry' that defendant's response to this request is 'complete and correct as of the time it is made.'" Id.

C. Request for Expenses and Fees

Plaintiff seeks an award of costs and fees in the event her motion is granted in whole or in part; defendant opposes, arguing that where reasonable minds could differ, sanctions are not appropriate. ECF No. 16 at 37-40. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a

motion to compel is granted, the court "must," after providing an opportunity to be heard, require the party whose conduct necessitated the filing of the motion to pay reasonable expenses including attorney's fees. Fed. R. Civ. P. Rule ("Rule") 37(a) (5)(A). However, the Court "must not" order payment if the moving party filed the motion before attempting in good faith to resolve the matter, if the nondisclosure was substantially justified or if other circumstances make an award unjust. Rule 37(a)(5)(A) (i)-(iii).

An award of costs and fees is not appropriate here because nondisclosure was substantially justified as to at least some of the disputed requests, and because although the parties did meet and confer, it appears to the court that this motion was somewhat premature. The prematurity is evidenced by the fact that, post-filing of this motion, the vast majority of disputed items were resolved by tentative agreement of the parties. Further, the discovery deadline in this case, which has never been extended, is still roughly six months in the future. An award of fees and costs for a motion brought at such an early juncture would be unjust, particularly where the motion is not granted fully as to any disputed item.

### IV. Conclusion

Plaintiff's motion (ECF No. 13) is GRANTED in part and DENIED in part as follows:

1. DENIED without prejudice as to RFP Nos. 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13, 14, 15, 16, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, as moot in light of the tentative agreement of the parties;

2. DENIED as to RFP No. 2;

3. GRANTED as to RFP No. 7 insofar as defendant must produce Officer Allbee's personnel file subject to a stipulated protective order that shall be filed with the court no later than February 19, 2020;

4. GRANTED in part as to RFP Nos. 17-24, insofar as defendant is required to provide a sworn declaration addressing each RFP and attesting where appropriate that production is complete; and

////

////

9

5. DENIED as to the request for attorneys' fees and costs.

DATED: February 6, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE