# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL R. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:19-cv-01545 MCE AC<br><br><br><br>PROTECTIVE ORDER |

The court has reviewed the proposed protective orders submitted by the parties following an informal discovery conference. ECF Nos. 21 (minute order), 22 (plaintiff's proposed protective order), 23 (defendants' proposed protective order). Having considered the parties' positions and the Local and Federal Rules, the undersigned ORDERS as follows:

## I. DEFINITIONS

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Documents" or "Confidential Documents" shall mean the Documents that Defendants designate as "Confidential" in the manner set forth in this Protective Order.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is determined in good

1

faith by the attorneys representing the Designating Party to be subject to protection pursuant to Fed. R. Civ. P. 26(c). Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4. "Defendants" shall mean Defendants County of Sacramento, Deputy Albee.
5. "Plaintiff" shall mean Crystal Sanchez.
6. "Parties" shall mean Plaintiffs and Defendants, identified above

## II. SUBJECT

This Protective Order is limited in applicability to documents contained in the personnel files of defendant Albee, inclusive of training documents. The Court acknowledges the possibility that these records contain sensitive and private information that is not relevant to this action or subject to disclosure, such as home addresses, contact information, social security numbers, dates of birth, etc. The Court permits Defendants' pre-production redaction of such limited information, to the extent that any redacted documents are accompanied by a redaction log/designation obviously identifying each instance of redaction and the information redacted.

## III. TERMS OF THE PROTECTIVE ORDER

Confidential Documents subject to protection may be designated as "Confidential" by the Defendants and produced subject to the following Protective Order:

1. The Confidential Documents shall be used solely in connection with the above captioned civil case, and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial.
2. Defendants will designate the Confidential Documents as confidential by affixing a mark labelling them "Confidential."
3. The Confidential Documents may only be disclosed to the following persons:
    a. Mark E. Merin and Paul H. Masuhara of THE LAW OFFICE OF MARK E. MERIN, partners and associate attorneys in that office, if any, as counsel for Plaintiffs in the

case enumerated above;

  b. John R. Whitefleet of PORTER SCOTT, partners and associate attorneys in that office, as counsel for Defendants in the case enumerated above;

  c. Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a) and (b) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

  d. Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

  e. Any expert, consultant, or investigator retained in connection with this action, however, such persons must be advised of and abide by this protective order;

  f. The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and,

  g. Witnesses during their depositions in this action. If confidential documents are used in the deposition, the documents must be identified as "Confidential" and the portion of the deposition in which the documents are described should also be considered confidential.

4. If the Confidential Documents are filed with any motion or other pleading, a party may seek permission from the Court to file the Confidential Documents under seal according to E.D. Cal. L.R. 141. If permission is granted, the Confidential Documents will be filed and served in accordance with E.D. Cal. L.R. 141.

5. The designation of documents (including transcripts of testimony) as confidential pursuant to this order does not automatically entitle the parties to file such a document with the court under seal. Parties are advised that any request to seal documents in this district is governed by E.D. Cal. R. ("Local Rule") 141. In brief, Local Rule 141 provides that documents may only be sealed by a written order of the court after a specific request to seal has been made. Local Rule 141(a). However, a mere request to seal is not enough under the local rules. In particular, Local Rule 141(b) requires that "[t]he 'Request to Seal Documents' shall set forth

the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the document, and all relevant information." Local Rule 141(b) (emphasis added).

6. A request to seal material must normally meet the high threshold of showing that "compelling reasons" support secrecy; however, where the material is, at most, "tangentially related" to the merits of a case, the request to seal may be granted on a showing of "good cause." Ctr. for Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1096-1102 (9th Cir.), cert. denied, 137 S. Ct. 38 (2016); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178-80 (9th Cir. 2006).

7. Nothing in this order shall limit the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial – such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

8. The designation of the Confidential Documents as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the Confidential Documents or information contained therein.

9. Any party or non-party may challenge a designation of confidentiality at any time. A party or non-party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within seven (7) days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is

| | |
|---|---|
| 1 | unwilling to participate in the meet and confer process in a timely manner. If the Parties |
| 2 | cannot resolve a challenge without Court intervention, the Designating Party shall file and |
| 3 | serve a motion for protective order pursuant to Fed. R. Civ. P. 26(c) and E.D. Cal. L.R. 251 |
| 4 | within twenty-one (21) days of the initial notice of challenge or within seven (7) days of the |
| 5 | parties agreeing that the meet and confer process will not resolve their dispute, whichever is |
| 6 | earlier. Failure by the Designating Party to make such a motion within twenty-one (21) days |
| 7 | (or seven (7) days, if applicable) shall automatically waive the "Confidential" designation for |
| 8 | each challenged designation. In addition, the Challenging Party may file a motion |
| 9 | challenging a confidentiality designation at any time if there is good cause for doing so. The |
| 10 | burden of persuasion in any such challenge proceeding shall be on the Designating Party. |
| 11 | Unless the Designating Party has waived the confidentiality designation by failing to file a |
| 12 | motion to retain confidentiality as described above, all parties shall continue to afford the |
| 13 | material in question the level of protection to which it is entitled under the Designating |
| 14 | Party's designation until the Court rules on the challenge. |

10. Notwithstanding the provisions of Paragraph 3, the Confidential Documents and information contained therein may not be delivered, exhibited or otherwise disclosed to any reporter, writer or employee of any trade publication, newspaper, magazine or other media organization including but not limited to radio and television media.

11. Should the Confidential Documents or any information contained therein be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

12. The Confidential Documents shall not lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.

13. The protections conferred by this Protective Order do not cover: (A) any information that is in the public domain at the time of disclosure or which subsequently becomes part of the public domain after its disclosure, including becoming part of the public record through trial or otherwise; and (B) any information known prior to the disclosure or obtained after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality.

14. After the conclusion of this litigation, the Confidential Documents will remain confidential. "Conclusion" of this litigation means a termination of the case following a trial, settlement, or dismissal of the Action with prejudice for any other reason.

15. This Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this Protective Order after the action is terminated. Upon termination of this litigation, the parties agree the Protective Order shall continue in force as a private agreement between the parties.

16. The parties may not modify the terms of this Protective Order without the court's approval. If the parties agree to a potential modification, they shall submit a stipulation and proposed order for the court's consideration.

17. During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

IT IS SO ORDERED.

DATED: March 27, 2020

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE