UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL R. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and ALBEE,<br><br>Defendants. | No. 2:19-cv-01545-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Crystal R. Sanchez ("Plaintiff") brings this suit against Defendants County of Sacramento ("County"), Sacramento County Sheriff's Department ("Sheriff's Department"), and Deputy Albee (collectively, "Defendants"), stating claims based on an allegedly false arrest and impoundment of her vehicle. In response to Plaintiff's Complaint, Defendants filed an Answer asserting eight affirmative defenses, five of which Plaintiff now moves to strike. ECF Nos. 7–8. For the reasons set forth below, Plaintiff's Motion to Strike is GRANTED in part and DENIED in part.[1]

///

///

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs. E.D. Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff has been assisting homeless persons who were living on an undeveloped lot located in Sacramento ("the lot"), providing food, arranging transportation, and providing other assistance as required. On May 1, 2019, Plaintiff was assisting homeless persons and received notice from the County that the homeless would have to vacate their encampment. By this time, she had encountered Albee on several occasions. Plaintiff and approximately 50 other individuals were protesting the clearing of homeless persons and the destruction of their belongings. Plaintiff attempted to help the homeless pack up their belongings, but was obstructed by Albee, who told her that she was "close to getting arrested."

On May 17, 2019, Plaintiff attended a meeting to discuss negotiations with the County to permit homeless persons to return to the site where they were evicted. She was then informed that the Sheriff's Department was arresting people at the lot. Plaintiff went to the lot and attempted to assist the homeless when Albee accused her of driving without a valid California Driver's License and arrested her. Albee told Plaintiff that her car would be towed although there were several people in the area who stepped forward and offered to take custody of Plaintiff's vehicle. Albee responded by saying that the vehicle would be impounded so food and equipment would not be spoiled or stolen and that the vehicle would be impounded for 30 days because he was authorized to take such action. Albee subsequently searched the vehicle and everything inside, including Plaintiff's closed purse. To date, Plaintiff has not been able to raise the funds to have her vehicle released from the tow yard.

///
///
///

---

[2] The following recitation of facts is taken, sometimes verbatim, from Plaintiff's Complaint. ECF No. 1.

**STANDARD**

An affirmative defense is an "assertion of facts and arguments that, if true, will defeat the plaintiff's [] claim, even if all the allegations in the complaint are true." Black's Law Dictionary (10th ed. 2014). Plaintiff makes her motion under Federal Rule of Civil Procedure 12(f),[3] which allows a party to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

Plaintiff contends that the heightened pleading standard of Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), applies to affirmative defenses. However, this Court has already held that Kohler v. Flava Enters., 779 F.3d 1016 (9th Cir. 2015) resolves the issue of which pleading standard applies to affirmative defenses: "[T]his Court now applies the 'fair notice' standard, and not the heightened pleading standard announced in Twombly and Iqbal, when evaluating motions to strike affirmative defenses." Edwards v. Cty. of Modoc, No. 2:14-cv-02646-MCE-KJN, 2015 WL 4456180, at *1 (E.D. Cal. July 20, 2015). This is because the Ninth Circuit explained in Kohler that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" Kohler, 779 F.3d at 1019 (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1274 (3d ed. 1998)). Plaintiff provides no reasons for why this Court's prior interpretation of Kohler is incorrect, and therefore the Court analyzes Plaintiff's motion under the "fair notice" standard.

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotation marks omitted); see also Fed. R. Civ. P. 15(a).

///

---

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

# ANALYSIS[4]

## A. Defendants' Second Affirmative Defense: Cal. Gov't Code §§ 815 and 815.2

In the second affirmative defense, Defendants assert that the acts and omissions alleged against the County fall under the immunities and defenses in California Government Code §§ 815 ("§ 815") and 815.2 ("§ 815.2") because the County is a public entity. Defs.' Answer, ECF No. 7, at 6–7. Plaintiff contends that this defense is factually insufficient because Plaintiff is forced to guess the grounds for the defense. Mot. Strike, ECF No. 8, at 5; see Neylon v. Cty. of Inyo, Case No. 1:16-CV-0712 AWI JLT, 2017 WL 3670925, at *10 (E.D. Cal. Aug. 25, 2017). In Neylon, the court held that the qualified immunity defense was sufficiently pleaded because the defendants expressly identified the defense and the conduct entitled to immunity and asserted that the conduct did not violate established law. Id. at *3. While the defendants could have given more facts and cited more authority in support of their argument, such additional information was not necessary under the fair notice standard. Id.

Here, Defendants claim that all the acts or omissions alleged throughout the Complaint specifically fall within the immunities and defenses provided under §§ 815 and 815.2. Whether the acts or omissions actually fall within the parameters of those statutes is, of course, another question.[5] Because the true nature of the defense is apparent, however, Plaintiff's Motion to Strike Defendants' second affirmative defense is DENIED.

///

///

///

---

[4] The second, third, fourth and fifth affirmative defenses are applied to Plaintiff's state law causes of action against the County only. Defs.' Answer, ECF No. 7, at 6–8. However, the eighth affirmative defense is applied to all causes of action and Defendants. Id. at 8.

[5] This question would go to the merits of the case and therefore, the Court does not address it in this Order.

4

### B. Defendants' Third Affirmative Defense: Cal. Gov't Code § 820.2

In the third affirmative defense, Defendants assert that the County is entitled to discretionary immunity under California Government Code § 820.2 ("§ 820.2") because the County is a public entity and cannot be liable for the acts of its employees "given that, based on information and belief, [its] employees acted within the discretion vested in him or her." Defs.' Answer, ECF No. 7, at 7. Discretionary immunity insulates a public employee from immunity "for injury resulting from his act or omission where the act or omission was the result of the exercise of discretion vested in him, whether or not such discretion be abused." Cal. Gov't Code § 820.2. However, "[f]ederal courts are very reluctant to determine disputed or substantial issues of law such as discretionary versus non-discretionary functions on a motion to strike; these questions quite properly are viewed as best determined only after further development." Kaur v. City of Lodi, No. 2:14-cv-00828-TLN-AC, 2016 WL 627308, at *3 (E.D. Cal. Feb. 17, 2016) (internal citations and brackets omitted). Therefore, Plaintiff's Motion to Strike the third affirmative defense is DENIED.

### C. Defendants' Fourth Affirmative Defense: Cal. Gov't Code § 820.4

In the fourth affirmative defense, Defendants assert that each act or omission alleged against the County falls within the immunities and defenses in California Government Code § 820.4 ("§ 820.4") because the County is a public entity and cannot be held liable for the acts of its employees who exercised "due care in the execution and enforcement of the law." Defs.' Answer, ECF No. 7, at 7. Section 820.4 does not apply to the state law false imprisonment and false arrest causes of action. See Cal. Gov't Code § 820.4; C.B. v. Sonora Sch. Dist., 691 F. Supp. 2d 1170, 1186 (E.D. Cal. 2010) ("Public employees are not entitled to immunity in suits for false arrest or false imprisonment. Because the Defendant Officers may not be entitled to immunity, the City of Sonora is not entitled to immunity.") (internal citations omitted). Furthermore, "when a claim of negligence is alleged against a government employee, § 820.4 merely amounts to a denial that due care was not exercised and thus, is redundant." Neylon, 2017 WL

5

3670925, at *11. Therefore, this defense is stricken as to the false imprisonment, false arrest, and negligence causes of action. However, as to the remaining state causes of action the Court finds that Defendants provide fair notice of the defense. Therefore, Plaintiff's Motion to Strike the fourth affirmative defense is GRANTED as to the false imprisonment, false arrest, and negligence causes of action but DENIED as to the remaining state law causes of action.

### D. Defendants' Fifth Affirmative Defense: Cal. Gov't Code § 820.8

In their fifth affirmative defense, Defendants state that each act or omission alleged against the County for violations of state law falls under the immunities and defenses stated in California Government Code § 820.8 ("§ 820.8") because the County is a public entity and "cannot be held liable for any acts of its employees given that[] an employee cannot be held liable for the acts or omissions of another person." Defs.' Answer, ECF No. 7, at 7. Section 820.8 states, "Except as otherwise provided by statute, a <u>public employee</u> is not liable for an injury caused by the act or omission of another person." Cal. Gov't Code § 820.8 (emphasis added). Thus, § 820.8 does not apply to the County because it is a public entity, not a public employee. <u>M.S. ex rel. Sisco v. Weed Union Elem. Sch. Dist.</u>, No. 2:13-cv-01211 JAM-DAD, 2013 WL 6199194, at *4 (E.D. Cal. Nov. 27, 2013) (finding § 815.2 applies to public entities rather than individuals). Accordingly, Plaintiff's Motion to Strike the fifth affirmative defense is GRANTED.

### E. Defendants' Eighth Affirmative Defense: Doctrine of Unclean Hands

In their eighth affirmative defense, Defendants contend that Plaintiff's own wrongful or unlawful conduct resulted in her arrest, thus her claims are barred under the doctrine of unclean hands. Defs.' Answer, ECF No. 7, at 8. Plaintiff claims this defense is factually insufficient because it does not specifically state the wrongful or unlawful conduct. Mot. Strike, ECF No. 8, at 8–9. However, Defendants are only required to state the defense in general terms under the fair notice standard. See <u>Kohler</u> 779 F.3d at 1019. "This statement, despite being vague and general, does put Plaintiff on notice

of Defendant[s'] intentions to claim an affirmative defense under the doctrine of unclean hands." Springer v. Fair Isaac Corp., No. 14-CV-02238-TLN-AC, 2015 WL 7188234, at *4 (E.D. Cal. Nov. 16, 2015). Therefore, Plaintiff's Motion to Strike Defendants' eighth affirmative defense is DENIED.

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Strike five of Defendants' Affirmative Defenses (ECF No. 8) is GRANTED in part and DENIED in part. Plaintiff's Motion to Strike Defendants' second, third, and eighth affirmative defenses is DENIED. Plaintiff's Motion to Strike Defendants' fourth affirmative defense is GRANTED with leave to amend as to the false imprisonment, false arrest, and negligence causes of action but DENIED as to the remaining causes of action. Plaintiff's Motion to Strike Defendants' fifth affirmative defense is GRANTED with leave to amend. Defendants have fourteen (14) days from the date on which this Order is filed to file an amended answer addressing any deficiencies in Defendants' fourth and fifth affirmative defenses.

IT IS SO ORDERED.

Dated: April 6, 2020

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE