UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL R. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, et al.,<br><br>Defendants. | No. 2:19-cv-01545-MCE-AC<br><br><br><br>ORDER |

This case is before the court on plaintiff's motion to compel responses to her requests for production, and for expenses and sanctions. ECF Nos. 25, 28 (joint statement). This discovery motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(1). This is the second motion to compel from plaintiff, and the parties have previously engaged in an informal telephonic discovery conference. See ECF Nos. 18, 21. The parties met and conferred but were unable to reach an agreement, and they dispute the sufficiency of meet and confer efforts. ECF No. 28 at 2-12. This matter was submitted on the papers. ECF No. 26. For the reasons stated below, the court DENIES plaintiff's motion, in part without prejudice to renewal.

**I.   Relevant Background**

Plaintiff filed this case on August 12, 2019. ECF No. 1. The following is a summary of plaintiff's allegations. Plaintiff is a resident of the County of Sacramento who is a member of the Sacramento Homeless Organizing Committee, the Sacramento Tenants' Union, and the Poor

1

People's Campaign. ECF No. 1 at 2. Plaintiff also heads a non-profit organization whose mission is to assist needy persons who suffer from homelessness. Id. For months prior to May 20, 2019, plaintiff had been assisting homeless persons who were living on an undeveloped lot located in the 5700 block of Stockton Boulevard ("5700 lot") in the County of Sacramento. Id. at 3.

On May 1, 2019, plaintiff was assisting homeless people on the 5700 lot who had been given notice by the County of Sacramento that they would have to vacate their encampment, and during that time, she came into contact several times with defendant "Allbee," a law enforcement officer employed by defendants the County of Sacramento and Sacramento County Sherriff's Department. Id. Plaintiff and about 50 other persons were protesting the clearing of homeless people from the 5700 lot and the destruction of their belongings. Id. When plaintiff attempted to help people pack up their belongings, she was barred from re-entering the property by Officer Allbee and was told that she was "this close to being arrested." Id.

On May 17, 2019, plaintiff was attending a meeting to discuss negotiations with the County of Sacramento to permit homeless individuals to return to the 5700 lot. Id. She was informed by one of the homeless persons who had previously resided at the 5700 lot that the Sacramento County Sherriff's Department deputies were arresting people. Id. Plaintiff went to the location to observe and assist when she was confronted by Officer Allbee, who immediately handcuffed her and accused her of driving without a valid California Driver's License. Id. Officer Allbee told plaintiff that her car would be towed. Id. Plaintiff responded that there were persons ready to take custody of her vehicle so that the food and equipment in the vehicle would not be spoiled or stolen, to which Officer Allbee responded that he was towing the vehicle and would have it impounded for 30 days pursuant to Cal. Veh. Code § 14601. Id. at 4.

Officer Allbee stated to someone over the radio "I got one of the protestors" and proceeded to search plaintiff's vehicle, including plaintiff's purse, which was closed. Plaintiff's vehicle was impounded. Plaintiff alleges Officer Allbee's actions were intentional and malicious, and that the Officer targeted plaintiff because of her leadership position in providing assistance to the homeless persons at the 5700 lot.

**II.   Motion**

The parties have been engaging in discovery since at least October of 2019. ECF No. 28 at 2. In the motion at bar, plaintiff moves to compel responses to the following requests for production ("RFP"): (a) RFP No. 7 (Allbee personnel files); (b) RFP No. 13 (psychiatric evaluation); and (c) RFP Nos. 25-30 (other lawsuits involving Allbee). Each category of requests is addressed individually below. Plaintiff further requests an award of expenses, including attorneys' fees, should her motion be granted in whole or in part, as well as sanctions.

**III.   Analysis**

A.   Legal Standard

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Fed. R. Civ. P. 26(b)(1). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

A party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, the party resisting discovery has the burden of showing why discovery was denied; they must clarify and support their objections. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975). General or boilerplate objections, without explanation, are not prohibited but are insufficient as a sole basis for an objection or privilege claim. Burlington Northern & Santa Fe Ry. v. United States Dist. Court, 408 F.3d 1142, 1149 (9th Cir. 2005).

B.     RFP No. 7 (Allbee Personnel Files)

Plaintiff's RFP No. 7 (Allbee Personnel Files) reads as follows: "All DOCUMENTS relating to Defendant ALLBEE's personnel files - including, but not limited to educational records, employee performance appraisals, training records, employment applications, letters of recommendation, letters of commendation, discipline records, employee orientation records, records of promotion; and memoranda regarding any changes in assignment." ECF No. 28-1, Declaration of Mark E. Merin ("Merin Decl.")., Ex. A (Requests for Production) at 4:10-4:19. On March 31, 2020, defendant submitted an response, stating: "Defendant [County] will produce documents responsive to this Request under the protective order executed by the Court on March 30, 2020, in accordance with its order dated February 7, 2020, and subject to a privilege log for those items excluded based on representations in court regarding items not required." Merin Decl. Ex. H (Amended RFP Resp.) at 4:18-5:1.  The County also produced a privilege log that identified several withheld items.  Id., Ex. I (Privilege Log).

Plaintiff raises challenges to the adequacy of the produced privilege log as well as that of the supplemental responses. ECF No. 28 at 7-10.  Defendant, however, represents that plaintiff failed to make any meet and confer efforts following the supplemental production, and the parties have not met and conferred regarding the adequacy of the privilege log. Id. at 10-11. As the parties are aware, before bringing a motion to compel production, the movant must show that she conferred, or made a good faith effort to confer, with the party opposing disclosure before seeking court intervention. Fed R. Civ. P. 37(a)(1).

The burden of ensuring that proper meet and confer discussions take place is on the moving party. E.D. Cal. R. 251(b).  The rule is clear: "Counsel for the moving party or prospective moving party shall be responsible for arranging the conference, which shall be held at a time and place and in a manner mutually convenient to counsel."  Id. (emphasis added).  "A court can deny a motion to compel solely because of a party's failure to meet and confer prior to filing the motion."  Rogers v. Giurbino, 288 F.R.D. 469, 477 (S.D. Cal. 2012); see also, Scheinuck v. Sepulveda, No. C 09-0727 WHA, 2010 WL 5174340, at *1–2, 2010 U.S. Dist. LEXIS 136529 N.D. Cal. Dec. 15, 2010.

4

The obligation to meet and confer is made doubly clear by the Local Rules for the Eastern District of California. The Local Rules unequivocally state that discovery motions will not be heard unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their differences and the bases for those differences in a Joint Statement. LR 251(b). The sole exceptions to these requirements are "(1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions." LR 251(e). Finally, the undersigned's standing orders, available at on the Court's website, state in no uncertain terms that meet and confer requirements are strictly enforced. The standing orders state that "[w]ritten correspondence between the parties, including email, is insufficient to satisfy the parties' meet and confer obligations under Local Rule 251(b). Prior to the filing of a Joint Statement, the parties must confer in person or via telephone or video conferencing in an attempt to resolve the dispute."

Plaintiff does not dispute that she failed to meet and confer following the production of the privilege log or supplemental production, arguing instead that the meet and confer efforts prior to the March 31, 2020 production were sufficient. ECF No. 28 at 11. Specifically, she argues "[t]here is no requirement that a requesting party re-initiate meet-and-confer efforts after each new occasion that a responding party refuses to produce responsive records-if there were, meet-and-confer efforts would never be exhausted." Id. This is a misconstruction of the situation at hand; plaintiff is making a challenge *based upon* the March 31, 2020 supplemental/privilege log production. It is not redundant for the parties to meet and confer about the particular topic challenged when circumstances have changed, even if the parties have met and conferred in the past under a different set of circumstances.

To the extent plaintiff argues that the court already ordered a complete production for this RFP contingent upon the entry of a stipulated protective order following her last motion to compel, defendant is correct in its understanding that the prior order did not substantively address privilege issues; it did not operate as a waiver of privilege. See ECF No. 18. Before a challenge to defendant's privilege log or supplemental production to this RFP can be brought before the Court, the parties must properly meet and confer regarding the specific assertions of privilege.

5

1  This portion of the motion is therefore denied without prejudice to renewal.

2        C.      Psychiatric Records (RFP No. 13)

3  Plaintiff's RFP No. 13 requests "All DOCUMENTS relating to any psychiatric evaluation

4  of Defendant ALLBEE."  Merin Decl. Ex. A at 5:9-10.  On March 31, 2020, defendant provided

5  an amended response to RFP No. 13, stating:  "Following reasonable inquiry into the records

6  where such matters are ordinarily maintained in the ordinary course of business, in this case the

7  individual personnel files, Defendant [County] responds as follows: There are no documents

8  responsive to this Request."  Merin Decl., Ex. H at 5:19-25.

9  Plaintiff believes defendant did not do an adequate search for responsive documents

10  because "state law affirmatively requires that '[t]he department shall maintain the psychological

11  suitability declaration in the candidate's background investigation file" which 'shall be available

12  to POST during compliance inspections.'  See Cal. Code Regs., tit. 11, § 1955(f)(3)."  ECF No.

13  28 at 13.  Defendant responds that plaintiff failed to meet and confer on this topic, that she has no

14  factual basis to support her argument that this document exists, and that plaintiff's "speculation

15  notwithstanding, . . . 11 C.C.R. 1955 (based on former section 9055) was first enacted in 2009,

16  many years after Defendant Albee was first hired."  Id.

17  The undersigned finds that there is no production to compel with respect to this Request.

18  In the absence of evidence to the contrary, plaintiff is required to accept defendant's response to

19  this request that, despite a diligent search, no responsive documents exist.  See e.g., Mootry v.

20  Flores, 2014 WL 3587839, *2 (E.D. Cal. 2014) ("Defendants cannot be required to produce

21  documents that do not exist.  Absent evidence to the contrary, which has not been presented,

22  Plaintiff is required to accept Defendants' response no such documents exist."); accord, Holt v.

23  Nicholas, 2014 WL 250340, *4 (E.D. Cal. 2014) ("Absent evidence to the contrary, which has not

24  been presented, Plaintiff is required to accept Defendant's amended response that no such

25  documents responsive to his request exist.").  Plaintiff has failed to put forth any concrete

26  evidence that that defendant is being untruthful in its assertion or was incomplete in its search.  In

27  the absence of concrete evidence to the contrary, the court will accept defendant's sworn

28  statement that no responsive document exists, and will not compel production.

D.     RFPs 25-30 (Other Cases Involving Allbee)

Plaintiff requested that Defendant County produce records relating to six other federal civil rights actions in which Defendant Allbee was a party-defendant: (1) Wilkes v. Sacramento Sheriff, E.D. Cal. Case No. 2:02-cv-00952-MCE-DAD (RFP No. 25); (2) Bellinger v. Allbee, E.D. Cal. Case No. 2:02-cv-02335-LKK-GGH (RFP No. 26); (3) Craver v. Sacramento County, E.D. Cal. Case No. 2:03-cv-01979-GEB-EFB (RFP No. 27); (4) Walker v. Allbee, E.D. Cal. Case No. 14 2:04-cv-02075-LKK-DAD (RFP No. 28); (5) Wimberly v. County of Sacramento, E.D. Cal. Case No. 15 2:06-cv-00289-JAM-GGH (RFP No. 29); and (6) Smith v. Albee, E.D. Cal. Case No. 2: 15-cv-01598- JAM-KJN (RFP No. 30).  Merin Decl., Ex. A at 6:17-17:18.

On November 15, 2019, the County responded that it would not produce the requested records because production would be "burdensome," and the requested records were "irrelevant." Merin Decl., Ex. C (RFP Resp.) at 10:16-13:9.  Plaintiff's counsel attached an e-mail which he drafted memorializing a January 22, 2020 discovery meet and confer session.  Merin Decl., Ex. F. He wrote with respect to the requests at issue here: "Defendant County has agreed to amend its response to produce officers' reports generated from the underlying incidents giving rise to the litigation, without prejudice to Plaintiffs' ability to later request further documents related to the same incidents (e.g., non-officer witness statements, litigation documents, etc.)."  Id. at 2.

On March 17, 2020, the parties engaged in an informal discovery conference which addressed, in part, these RFPs.  A minute order issued that day states: defendant "shall produce responses to the FRPs identified in paragraph 1 of the joint letter by March 31, 2010."  ECF No. 21.  The relevant paragraph in the joint letter states as follows: "On January 22, 2020, the parties' counsel conducted a telephonic meet-and-confer.  Therein, Defendant County's counsel agreed to contact Defendant County and to provide Plaintiff with further responses to various discovery requests, including RPD Nos. 3, 5, 9, 10, 11, 12, 13, 14, 15, 16, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, with updates by January 27, 2020, in order to avoid the filing of a motion to compel. However, to date, Defendant County has not complied nor has Defendant County's counsel provided responses to Plaintiff's counsel's inquiries as to when responses will be produced."

The parties disagree on the meaning of the subsequent minute order requiring defendant to

"produce responses." To clarify, the Court did not overrule any relevance or burden objections by minute order; the minute order merely set a deadline for the defendant to *either* produce documents or lodge further objections. Plaintiff's argument that the merits of the RFPs are irrelevant in light of this order is incorrect; the minute order did not require a production of particular *documents*. Further, to the extent plaintiff argues that the defendant agreed to a document production as opposed to a further inquiry into these RFPs, and must be held to this agreement, her argument cannot succeed. She points only to letters drafted by her own counsel purporting to memorialize meet and confer discussions; this is not conclusive evidence of an agreement to produce documents and defendant disputes that there ever was such an agreement. Compare ECF No. 28 at 17, and Merin Decl. Ex. F (l-23-20 PHM Email) at 2; Ex. G (3-5-20 PHM Email) at 1.

Plaintiff's counsel is clear that "[a]t this time, Plaintiff does not seek to compel the records requested. Rather, Plaintiff seeks only to enforce Defendant County's agreement to 'produce Officers' reports generated from the underlying incidents giving rise to the litigation,' made during meet-and-confer efforts." ECF No. 28 at 19. In the absence of conclusive evidence that there was any such agreement, the court will not enforce it. The court will not reach the merits of discoverability as plaintiff does not seek to compel production.

## IV. Conclusion

Plaintiff's motion (ECF No. 25) is DENIED, without prejudice as to RFP No. 7 only.

IT IS SO ORDERED.

DATED: April 24, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

8