1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CRYSTAL R. SANCHEZ,                        No.  2:19-cv-01545 MCE AC

12                 Plaintiff,

13        v.                                    ORDER

14   COUNTY OF SACRAMENTO
     SHERIFF'S DEPARTMENT, et al.,
15
                  Defendants.
16

17

18        This matter is before the court on plaintiff's motion to compel responses to her request for

19   production and for expenses (ECF 31), which is referred to the undersigned pursuant to Local

20   Rule 302(c)(1).  The matter was heard on the papers following the parties' submission of a joint

21   statement regarding the discovery dispute.  ECF No. 10.  For the reasons stated below, the court

22   grants plaintiff's motion to compel.  The court finds an award of expenses and attorneys' fees to

23   be appropriate.

24                           I.  RELEVANT BACKGROUND

25        Plaintiff alleges that on May 17, 2019, she was unlawfully detained and her vehicle was

26   unlawfully seized and searched by defendant police officer Albee, a law enforcement officer

27   employed by defendants Sacramento County Sheriff's Department and County of Sacramento.

28   ECF No. 1 at 1.  The complaint states claims of retaliation, false detention or arrest, unreasonable

                                        1

1   search and seizure, supervisory liability, and state law claims for violation of the Bane Act, false

2   imprisonment, trespass, intentional infliction of emotional distress, and negligence.  Id. at 4-13.

3         On February 6, 2020, the court granted plaintiff's request for production of defendant

4   Albee's personnel files (RFP No. 7), subject to protective order.  ECF No. 18 at 9.  On March 27,

5   2020, the court entered a pre-production stipulated protective order.  ECF No. 24.  On April 27,

6   2020, the court denied plaintiff's motion to compel documents responsive to RFP No. 7, without

7   prejudice to renewal, for failure to meet and confer with defendant following the production of a

8   privilege log and supplemental privilege log from defendant.  ECF No. 30 at 5.  The parties have

9   now met and conferred regarding this discovery dispute, and the matter is once again before the

10  court.

11  II.  DISCUSSION

12     A.  Production of Albee's Personnel Files Including Discipline Records

13        1.  Standards Governing Requests for Production

14        "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

15  party's claim or defense . . . .  Relevant information need not be admissible at the trial if the

16  discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R.

17  Civ. P. 26(b)(1).  "Relevance for purposes of discovery is defined very broadly."  Garneau v. City

18  of Seattle, 147 F.3d 802, 812 (9th Cir. 1998).  In response to a request for production of

19  documents under Rule 34, a party is to produce all relevant documents in its "possession, custody,

20  or control."  Fed. R. Civ. P. 34(a)(1).  Under Rule 37(a), a party may move for an order

21  compelling disclosure or discovery if "a party fails to produce documents . . . as requested under

22  Fed. R. Civ. P. 34."  Fed. R. Civ. P. 37(a)(3)(B)(iv).  The party seeking to compel discovery has

23  the initial burden to establish that its request is proper under Rule 26(b)(1).  If the request is

24  proper, "[t]he party opposing discovery has the burden of showing that the discovery should be

25  prohibited, and the burden of clarifying, explaining or supporting its objections."  Bryant v.

26  Ochoa, No. 07CV200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009).  The party

27  resisting discovery is "required to carry a heavy burden of showing" why discovery should be

28  denied.  Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

2. *Request for Production No. 7*

Plaintiff seeks to compel the County of Sacramento to produce documents responsive to

the following request with respect to defendant Albee:

Plaintiff's RFP No. 7:

> All DOCUMENTS relating to Defendant A's personnel files—
> including, but not limited to educational records, employee
> performance appraisals, training records, employment applications,
> letters of recommendation, letter of commendation, discipline
> records, employee orientation records, records of promotion; and
> memoranda regarding any changes in assignment. [Plaintiff
> appreciates the potentially sensitive and private nature of some
> limited information which may be implicated by this request.
> Therefore, Plaintiff would not be opposed to Defendant's pre-
> production redaction of some information, including home
> addresses, home contact information, social security numbers, etc.,
> to the extent that the response is accompanied by a redaction
> log/designation identifying each instance of redaction and the
> information redacted.]

Defendants' Response:

> Objection. Defendant objects to this request to the extent it seeks
> documents in violation of the right to privacy guaranteed under the
> Constitution of the State of California. Defendant further objects that
> this request is overbroad, harassing, and not reasonably calculated to
> lead to discoverable information to the extent it seeks documents
> pertaining to, among other things, health insurance, retirement,
> banking, and medical information. In addition, this request seeks
> information that is irrelevant or subject to privacy as provided by
> federal and state law. The defects in this request preclude defendant
> from responding.

ECF No. 35-1 at 21 (Plaintiff's Counsel Decl. Ex. B)

3. *Analysis*

a. Timeliness of Defendants' Assertion of Privilege

Plaintiff asserts that defendants waived any objections to RFP No. 7 because defendants'

privilege log was untimely. ECF No. 35 at 10-12. The court finds that defendants' untimely

production of the privilege log did not constitute a waiver. Privilege logs are due at the time a

discovery response is made. See Fed. R. Civ. P. 26(b)(5) (requiring privilege log for withheld

documents); Fed. R. Civ. P. 34(b) (objections are due within 30 days). General or boilerplate

objections are improper, especially when a party fails to submit any evidentiary declarations

3

1   supporting such objections.  A. Farber & Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal.

2   2006).  The objecting party has the burden to show reasons for its objections, and for failing to

3   produce the requested discovery.  Bible v. Rio Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal.

4   2007).

5         Improper assertions of privilege in the privilege log, or an untimely privilege log, may

6   (but do not necessarily) result in waiver.  Burlington Northern & Santa Fe etc. v. Burlington N. &

7   Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. of Mont., 408 F.3d 1142, 1149 (9th Cir. 2005)

8   ("[W]e also reject a per se waiver rule that deems a privilege waived if a privilege log is not

9   produced within Rule 34's 30-day time limit.").  Burlington instructs courts to consider the

10  following factors: (1) "the degree to which the objection or assertion of privilege enables the

11  litigant seeking discovery and the court to evaluate whether each of the withheld documents is

12  privileged," (2) "the timeliness of the objection and accompanying information about the

13  withheld documents," (3) "the magnitude of the document production," and (4) other

14  circumstances that make responding to discovery unusually easy or difficult.  Id.

15        Here, defendants contend that the court has already found that there has been no waiver of

16  privilege.  ECF No. 35 at 15.  The defendants are mistaken.  The court previously noted that the

17  stipulated protective order did not substantively address privilege issues, and thus did not operate

18  as a waiver of privilege.  ECF No. 30 at 5.  The court found that before a challenge to a privilege

19  log or supplemental production to RFP No. 7 could be brought before the court, the parties must

20  meet and confer.  Id. at 5.  Plaintiff's current argument is not an improper attempt to relitigate the

21  matter, as the court denied Plaintiff's motion to compel responsive documents to RFP No. 7

22  without prejudice to renewal, and the court has not yet substantively addressed this issue.

23        Plaintiff argues that the untimely privilege log resulted in waiver.  However, Burlington

24  requires a "holistic reasonableness analysis" rather than mechanical application of a waiver rule.

25  Considering all the pertinent factors, the court finds that defendants' untimeliness did not

26  constitute waiver.  In this case, the first Burlington factor—the degree to which the assertion

27  enables plaintiffs and the court to assess the asserted privilege—slightly favors waiver.  Plaintiff

28  argues that defendants' objections are "boilerplate" and improper.  ECF No. 35 at 13.  Defendants

4

1    initially served objections to plaintiff's requests on November 15, 2019, without any responsive

2    documents or privilege log. Id. at 2. Though the court dismissed defendants' initial objections,

3    the court did not find these objections improper or "boilerplate." ECF No. 18 at 6-7. However,

4    the court also found that these objections could be overcome if defendants produced the

5    documents under a stipulated protective order and necessary redactions. Id. Yet, defendants

6    reiterated the same objections that the court dismissed in the amended responses and privilege

7    log. ECF No. 35-1 (Plaintiff's Counsel Decl. Ex. I-J).

8        The second Burlington factor—timeliness of defendants' privilege objection and

9    accompanying information—favors no waiver. The defendants initially objected on November

10   15, 2019 and produced a privilege log four months later. In evaluating timeliness, the court notes

11   that though the defendants did not serve plaintiff with a formal privilege log immediately with the

12   initial objections, once the court issued a protective order covering RFP No. 7, the defendants

13   provided a privilege log the day after. ECF No. 35 at 4. Plaintiff was aware during this four-

14   month period that defendants considered the disputed documents to protected by defendant

15   Albee's privacy rights, and that they were withholding the documents on that basis. Thus, though

16   defendants' delay is outside the default guideline, the parties were litigating the issue, and so this

17   factor disfavors waiver.

18       The court finds the third and fourth Burlington factors to be neutral. Regarding the third

19   factor, courts have considered the magnitude of the document production in the entire case

20   compared to the magnitude of the specific documents subject to waiver analysis. E.g. McKeen-

21   Chaplin v. Provident Sav. Bank, FSB, No. 2:12-CV-03035 GEB AC, 2015 WL 502697, at *11

22   (E.D. Cal. Feb. 5, 2015) (finding that the third Burlington factor weighed against waiver when the

23   party asserting the privilege had produced 12,000 pages of documents and sought to withhold

24   only three). In this case, neither party asserts that the magnitude of the production weighs for or

25   against waiver. Likewise, neither party analyzes the fourth factor or argues that any

26   circumstances of litigation make responding to discovery unusually easy or difficult.

27       Accordingly, weighing all the Burlington factors, the court finds that defendant's

28   untimeliness did not waive his assertions of privilege.

5

1      b.   Insufficiency of Defendants' Assertion of Privilege

2          Although Albee's assertions of privilege are not waived by their untimeliness, the court

3  concludes that the privilege log is insufficient to support the claims of privilege.  "Boilerplate

4  objections or blanket refusals inserted into a response to a Rule 34 request for production of

5  documents are insufficient to assert a privilege."  Burlington Northern & Santa Fe Ry. Co., 408

6  F.3d at 1149.  As mentioned above, in their amended responses, defendants have reiterated the

7  same objections that the court previously found would be overcome by a protective order and

8  necessary redactions of sensitive information.  ECF No. 35-1 (Plaintiff's Counsel Decl. Ex. I-J).

9  Though the court found that these objections based on overbreadth, relevance, and privacy were

10 not "boilerplate," the court nonetheless rejected them on other grounds.  Defendants now raise the

11 same objections to RFP No. 7 in both the amended responses and in the privilege log.

12         Burlington directs courts to consider "the degree to which the objection or assertion of

13 privilege enables the litigant seeking discovery and the court to evaluate whether each of the

14 withheld documents is privileged."  Burlington Northern & Santa Fe Ry. Co., 408 F.3d at 1149.

15 Here, the privilege log includes the number of privileged documents, dates of creation, subject

16 matter, identity of the author or recipient of the communication, and the manner in which

17 defendants assert privilege.  However, the privilege log is insufficient under Burlington's

18 functional test because the broad categories fail to articulate why these documents could not be

19 produced under the terms of the stipulated protective order.  Furthermore, these broad categorical

20 objections have already been rejected as to this RFP.

21         It is a fundamental principle of discovery that the party asserting privilege bears the

22 burden of proving the applicability of the privilege or protection to a given document.  See

23 Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir. 1988); In re Grand Jury Investigation, 974

24 F.2d 1068, 1070 (9th Cir. 1992).  By failing to provide a privilege log with specific and justifiable

25 privilege claims, especially after having already received some direction from this court and

26 entering a stipulated protective order, defendants have failed to satisfy that burden with respect to

27 RFP No. 7.

28 ////

6

1        c. Notice of Motion

2        Defendants argue that plaintiff's notice of motion is defective because plaintiff only

3    generally refers to RFP No. 7 rather than to the limited number of specifically disputed

4    documents identified in the privilege log.  ECF No. 35 at 14.  On notice to other parties and all

5    affected persons, a party may move for a motion to compel production of documents under Rule

6    34.  Fed. R. Civ. P. 37(a).  The court finds no defects on the face of plaintiff's notice to

7    defendants.  To the extent that defendants object to plaintiff's notice based on overbreadth and

8    vagueness, this court has previously found that RFP No. 7 may be construed as limited to

9    Defendant Albee's personnel file and has granted plaintiff's motion to compel as to RFP No. 7.

10   ECF No. 18 at 6-7.  Previously, this court found that (1) privacy concerns regarding defendant

11   Albee's personnel file could be addressed by redactions and a stipulated protective order and (2)

12   privacy concerns specific to medical information are moot because plaintiff's counsel

13   acknowledged that defendant Albee's medical records are not sought.  ECF No. 18 at 7.  Given

14   that the court has already described the applicable limitations to the production of RFP No. 7, and

15   defendants have not produced any responsive documents, the court finds that defendants received

16   sufficient notice regarding what documents plaintiff is seeking.

17       d. Waiver of Objections to Defendants' Privilege Log

18       Defendants further contend that plaintiff waived any objections to the sufficiency of the

19   privilege log because plaintiff never met and conferred regarding this issue.  ECF No. 35 at 15.

20   The court finds that plaintiff did not waive objections to the sufficiency of the "privilege log."

21   Defendants do not contest that parties met and conferred telephonically on May 8th and May

22   15th, 2020 in order to clarify items on the privilege log.  Id. at 7.  Plaintiff argues that during the

23   May 8th meeting, plaintiff's counsel explained that the privilege log insufficiently identified

24   withheld documents and provided specific references to the "privilege log" for those categories in

25   dispute.  ECF 35-1 at 3 (Plaintiff's Counsel Decl.).  Plaintiff also alleges that defendant's counsel

26   provided plaintiff's counsel with additional information concerning the identified disputed

27   categories on May 15, 2020.  Id. at 6.  The court finds that plaintiff did adequately meet and

28   confer regarding the issue of the sufficiency of the privilege log in order to clarify which

1   categories are in dispute, and that no further delay or meet and confer was necessary prior to

2   bringing the motion at bar.

3                              e.   Relevance and Privacy

4          Plaintiff seeks production of defendant Albee's "personnel files," including "discipline

5   records." Id. at 2.  Defendants assert that portions of Albee's discipline records are not relevant

6   because they have no bearing on plaintiff's civil rights claim involving the citation, tow, and

7   search of plaintiff's vehicle. Id. at 15-16.  Defendants also entered "Constitutional Right to

8   Privacy" as a "privilege" ground on which documents were withheld. ECF No. 35-1 at 99-106

9   (Plaintiff's Counsel Decl. Ex. J).  These "privilege" objections are baseless; as defendants should

10  be aware, "relevance" and "privacy" are not legitimate claims of privilege.  Relevance and

11  privacy rights are properly asserted as objections to production and indeed, defendants previously

12  made each of these objections and the court overruled them.  ECF No. 18 at 6.  The court will not

13  relitigate the issues and consider new arguments from defendants simply because defendants now

14  attempt to recategorize their objections as claims of privilege.

15         For all of the foregoing reasons, Defendant County of Sacramento is ordered to produce

16  all of officer Albee's personnel files, including disciplinary records, with personal information

17  redacted and subject to the protective order issued in this action.

18      B.  Request for Expenses and Fees

19         Plaintiff seeks an award of costs and fees in the event her motion is granted in whole or in

20  part; defendant opposes, arguing that where reasonable minds could differ, sanctions are not

21  appropriate.  ECF No. 35 at 17-19.  Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a

22  motion to compel is granted, the court "must," after providing an opportunity to be heard, require

23  the party whose conduct necessitated the filing of the motion to pay reasonable expenses

24  including attorney's fees.  Fed. R. Civ. P. Rule ("Rule") 37(a)(5)(A).  However, the court "must

25  not" order payment if the moving party filed the motion before attempting in good faith to resolve

26  the matter, if the nondisclosure was substantially justified, or if other circumstances make an

27  award unjust.  Rule 37(a)(5)(A) (i)-(iii).

28  ////

1    Here, plaintiff argues that defendant's nondisclosure was not substantially justified

2 because of defendant's untimely and deficient privilege log and "boilerplate" objections.  ECF

3 No. 35 at 17.  Plaintiff contends that defendant's refusals to cooperate necessitated multiple

4 motions to compel, despite plaintiff's counsel's efforts to obtain the records without court

5 intervention.  Id. at 17-18.  Plaintiff has provided an attorneys' fees calculation totaling $4,125.00

6 for the instant motions beginning after May 26, 2020—the date on which Plaintiff filed the instant

7 motion to compel and motion for expenses.  ECF 35-1 at 4-5 (Plaintiff's Counsel Decl.).

8 Defendants argue that sanctions are inappropriate because plaintiff filed a motion to compel

9 before responding to defendant's May 19, 2020 letter demanding plaintiff articulate the specific

10 relevancy of the records sought.  ECF 35 at 18.  Defendants contend that plaintiff has failure to

11 articulate the specific relevancy of the disputed documents to this case reflect an effort "to sling

12 scurrilous and harassing accusations at Defendant Albee."  Id.

13    The award of expenses and attorney's fees is appropriate in this case.  The court finds that

14 plaintiff made a good faith attempt to obtain discovery from defendants without the court's

15 intervention and that defendants' conduct, specifically the re-assertion of already decided

16 discovery objections masked as claims of privilege, necessitated court intervention that should

17 have been unnecessary.  As set forth above, the court is granting Plaintiff's motion to compel in

18 full.  Defendants have failed to provide any substantial justification for their failure to produce the

19 personnel records, including disciplinary files under the protection of the stipulated protective

20 order.

21    Though an award of fees is appropriate, the court will not award the full claimed hourly

22 rate.  Awarded fees must be "reasonable," and the court determines what constitutes reasonable

23 attorneys' fees by applying the "lodestar" method.  Ferland v. Conrad Credit Corp., 244 F.3d

24 1145, 1149 n.4 (9th Cir. 2001).  The lodestar method calculates fees by applying the number of

25 hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate.  Id.

26 "In determining reasonable hours, counsel bears the burden of submitting detailed time records

27 justifying the hours claimed to have been expended."  Chalmers v. City of Los Angeles, 796 F.2d

28 1205, 1210 (9th Cir. 1986), opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987).

9

1   "Where the documentation of hours is inadequate, the district court may reduce the award

2   accordingly." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  A district court should also

3   subtract from the lodestar fee calculation any hours that were not "reasonably expended," because

4   they were excessive, redundant, or otherwise unnecessary.  See id. at 434.

5          To determine what numbers to use to arrive at a "reasonable" fee under the lodestar

6   method, Local Rule 293 requires a party seeking an award of attorney's fees to submit an

7   affidavit addressing certain criteria that the court will consider.  Plaintiff submitted billing records

8   listing 12.25 hours of work for his associate, billed at $300 per hour, and one hour form himself,

9   billed at $450 per hour.  A district court must determine a reasonable rate for the services

10  provided by examining the prevailing rates in the community, charged by lawyers of "comparable

11  skill, experience, and reputation." Sanchez v. Frito-Lay, Inc., No. 1:14-CV-00797 AWI, 2015

12  WL 4662636, at *17 (E.D. Cal. Aug. 5, 2015), report and recommendation adopted, No. 1:14-

13  CV-797-AWI-MJS, 2015 WL 5138101 (E.D. Cal. Aug. 26, 2015) (quoting Cotton v. City of

14  Eureka, Cal., 889 F. Supp. 2d 1154, 1167 (N.D. Cal. 2012)).  "The 'relevant community' for the

15  purposes of determining the reasonable hourly rate is the district in which the lawsuit proceeds."

16  Sanchez, 2015 WL 4662636, *17 (quoting Barjon v. Dalton, 132 F.3d 496, 500 (9th Cir. 1997));

17  accord Gonzalez v. City of Maywood, 729 F.3d 1196, 1205 (9th Cir. 2013).  "The appropriate

18  rate for reimbursement of fees in Sacramento is the Court's previously stated rate of $350 per

19  hour for attorneys, and $75 per hour for paralegals." Morgan Hill Concerned Parents Ass'n v.

20  California Dep't of Educ., No. 2:11-CV-03471-KJM-AC, 2017 WL 2492850, at *1 (E.D. Cal.

21  June 9, 2017).  Accordingly, the court will award plaintiff fees in the amount of $4,025.00 (12.25

22  hours x $300 and 1 hour x 350).

23                               III.  CONCLUSION

24          Accordingly, IT IS HEREBY ORDERED that:

25          1.   Plaintiff's motion to compel (ECF No. 31) is GRANTED;

26          2.   Defendants are ordered to produce documents responsive to plaintiff's Request for

27               Production No. 7, in compliance with the instructions given above, and attorneys'

28  ////

1    fees in the amount of $4,025.00 within 5 business days of the date of entry of this

2    order.

3        IT IS SO ORDERED.

4    DATED: June 29, 2020

5

6    ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE