UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL R. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO SHERIFF'S DEPARTMENT, et al.,<br><br>Defendants. | No. 2:19-cv-01545 MCE AC<br><br><br><br>ORDER |

This matter is before the court on plaintiff's motion to compel responses to her Requests for Production 48 and 50-60 (ECF 56, 58)[1] from defendant the County of Sacramento. The motion is referred to the undersigned pursuant to Local Rule 302(c)(1) and it was heard on the papers following the parties' submission of a joint statement regarding the discovery dispute. ECF No. 58. For the reasons stated below, the motion is granted in part and denied in part, and no fees are awarded.

I. RELEVANT BACKGROUND

Plaintiff alleges that on May 17, 2019, she was unlawfully detained, and her vehicle was unlawfully seized and searched by defendant Officer Allbee, a law enforcement officer employed

---

[1] The initial motion seeks to compel responses to RFPs 48-60, but RFP 49 was apparently resolved by the provision of a supplemental response. ECF No. 58 at 49.

1

by defendants Sacramento County Sherriff's Department and County of Sacramento. ECF No. 1 at 1. The initial complaint states claims of retaliation, false detention or arrest, unreasonable search and seizure, supervisory liability, and state law claims for violation of the Bane Act, false imprisonment, trespass, intentional infliction of emotional distress, and negligence. Id. at 4-13.

On February 6, 2020, the court granted in part and denied in part a motion to compel brought by plaintiff against the County, granting plaintiff's request for production of defendant Officer Allbee's personnel files (RFP No. 7), subject to protective order. ECF No. 18 at 9. On March 27, 2020, the court entered a pre-production stipulated protective order. ECF No. 24. On May 26, 2020, plaintiff brought a second motion to compel production of Officer Allbee's personnel records. ECF No. 31. Plaintiff's motion was granted, and plaintiff was awarded fees. ECF No. 38. On January 7, 2021, the District Judge in this case gave plaintiff leave to file an amended complaint and extended the discovery deadline to six months from the date of the order. ECF No. 45. On January 12, 2021, the operative First Amended Complaint was filed. ECF No. 46. Sheriff Scott R. Jones was added as a defendant and facts related to supervisory liability were alleged. Id. Additional allegations and Monell claims against defendants County of Sacramento and Sacramento County Sheriff's Department were also added. Id.

## II. DISCUSSION

### A. Standards Governing Requests for Production

Under Rule 37(a), a party may move for an order compelling disclosure or discovery if "a party fails to produce documents . . . as requested under Fed. R. Civ. P. 34." Fed. R. Civ. P. 37(a)(3)(B)(iv). The party seeking to compel discovery has the initial burden to establish that its request is proper under Rule 26(b)(1). If the request is proper, "[t]he party opposing discovery has the burden of showing that the discovery should be prohibited, and the burden of clarifying, explaining or supporting its objections." Bryant v. Ochoa, No. 07CV200 JM (PCL), 2009 WL 1390794, at *1 (S.D. Cal. May 14, 2009). The party resisting discovery is "required to carry a heavy burden of showing" why discovery should be denied. Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975).

////

2

B. RFPs at Issue

Plaintiff seeks to compel the County of Sacramento to produce documents responsive to the following requests for production:

REQUEST FOR PRODUCTION NO. 48:

The investigation of Crystal R. Sanchez's government claim L1900633 (George Hills File No. 86374-35) — including: interviews conducted, statements received, correspondence sent or received, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 50:

Any investigation of Crystal R. Sanchez's arrest by Daren D. Allbee on May 17, 2019 — including: interviews conducted, statements received, correspondence sent or received, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 51:

Each complaint against Daren D. Allbee — including: interviews conducted, statements received, correspondence sent or received, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 52:

The investigation of complaints against Daren D. Allbee — including: interviews conducted, statements received, correspondence sent or received, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 53:

The testimony Daren D. Allbee has provided in any civil action — including: transcripts, statements, and declarations.

REQUEST FOR PRODUCTION NO. 54:

The investigation of the complaint against Daren D. Allbee giving rise to Wilkes v. Sacramento Sheriff, E.D. Cal. Case No. 2:02-cv-00952-MCE-DAD — including: formal or informal complaints, interviews conducted, statements received, correspondence sent or received, video/audio recordings, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 55:

The investigation of the complaint against Daren D. Allbee giving rise to Bellinger v. Allbee, E.D. Cal. Case No. 2:02-cv-02335-LKK-GGH — including: formal or informal complaints, interviews conducted, statements received, correspondence sent or received, video/audio recordings, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 56:

> The investigation of the complaint against Daren D. Allbee giving rise to Craver v. Sacramento County, E.D. Cal. Case No. 2:03-cv-01979-GEB-EFB—including: formal or informal complaints, interviews conducted, statements received, correspondence sent or received, video/audio recordings, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 57:

> The investigation of the complaint against Daren D. Allbee giving rise to Walker v. Allbee, E.D. Cal. Case No. 2:04-cv-02075-LKK-DAD—including: formal or informalcomplaints, interviews conducted, statements received, correspondence sent or received,video/audio recordings, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 58:

> The investigation of the complaint against Daren D. Allbee giving rise to Wimberly v. County of Sacramento, E.D. Cal. Case No. 2:06-cv-00289-JAM-GGH—including: formal or informal complaints, interviews conducted, statements received, correspondence sent or received, video/audio recordings, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 59:

> The investigation of the complaint against Daren D. Allbee giving rise to Smith v. Albee, E.D. Cal. Case No. 2:15-cv-01598-JAM-KJN—including: formal or informal complaints, interviews conducted, statements received, correspondence sent or received, video/audiorecordings, reports and memos prepared.

REQUEST FOR PRODUCTION NO. 60:

> Any DOCUMENTS reflecting documents removed from Daren D. Allbee's personnel file—including: "purge" or records destruction logs.

C. <u>Analysis</u>

    1. <u>Nonexistent Documents Cannot be Compelled (RFPs 50, 51, 52, 53, 60)</u>

With respect to RFPs 50, 51, 52, 53, and 60, the County has asserted that there are no remaining responsive documents to be produced. ECF No. 58 at 9, 11, 12, 13, 22. As explained in a prior order on discovery, in the absence of evidence to the contrary, plaintiff is required to accept defendant's response to this request that, despite a diligent search, no responsive documents exist. See e.g., Mootry v. Flores, 2014 WL 3587839, *2 (E.D. Cal. 2014) ("Defendants cannot be required to produce documents that do not exist. Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendants' response no such documents exist."); accord, Holt v. Nicholas, 2014 WL 250340, *4 (E.D. Cal. 2014)

("Absent evidence to the contrary, which has not been presented, Plaintiff is required to accept Defendant's amended response that no such documents responsive to his request exist."). Plaintiff has failed to put forth any *concrete evidence* that that defendants are being untruthful in their assertions or were incomplete in their search. Instead, plaintiff asserts that defendant's assertions that no documents/additional documents exist are dubious or insufficient. See ECF No. 58 at 10. The court disagrees. In the absence of concrete evidence to the contrary, the court will accept the County's sworn statements that no responsive documents exist and will not compel production. Plaintiff has not met her initial burden with respect to these requests, and the motion is DENIED as to RFPs 50, 51, 52, 53, and 60.

2. Documents Responsive to RFP 48 Must be Produced

Request 48 seeks documents related to the investigation of plaintiff's government claim L1900633 "including: interviews conducted, statements received, correspondence sent or received, reports and memos prepared." ECF No. 58 at 4. Defendants object that the RFP is vague, irrelevant, and seeks documents protected by attorney/client privilege and the work-product doctrine. The documents are clearly relevant to the operative amended complaint; the government claim was submitted as part of the exhaustion requirements for the instant lawsuit. ECF No. 46 at 2. The request is sufficiently specific on its face. Those objections are overruled.

*a. Attorney-Client Privilege*

The attorney-client privilege protects from discovery "confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." United States v. Richey, 632 F.3d 559, 566 (9th Cir. 2011) (citation omitted). Attorney-client privilege applies when (1) legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. Richey, 632 F.3d at 566 (brackets, citation, and quotation marks omitted). The burden is on the party asserting the privilege to show that the privilege applies. In re Grand Jury Investigation, 974 F.2d 1068, 1071 (9th Cir. 1992); see Richey, 632 F.3d at 566. The privilege protects only communications, and not underlying facts.

Upjohn v. United States, 449 U.S. 383, 396 (1981) (a party "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney") (citations omitted).

The County contends that "the communications and memorandum between the County's risk management and claims provider discusses privileged information regarding the assignment and investigation of Plaintiff's government claim which were prepared in anticipation of this instant litigation. Thus, these documents are protected under the attorney-client and/or work product doctrines." ECF No. 58 at 8. Defendant cites United States v. ChevronTexaco Corp., 241 F. Supp. 2d 1065, 1076 (N.D. Cal. 2002), which explains that "[m]aterials, transmitted between nonlawyers, that reflect matters about which the client intends to seek legal advice are comparable to notes a client would make to prepare for a meeting with her lawyer—notes which could serve as an agenda or set of reminders about things to ask or tell counsel. It would undermine the purpose of the attorney-client privilege not to extend protection to such notes. Therefore, internal communications that reflect matters about which the client intends to seek legal advice are protected." Id. at 1077.[2]

The court disagrees with defendant that the documents at issue fall under the protection of attorney-client privilege. The ChevronTexaco case upon which the County relies discusses "internal communications" – defendant is seeking protection of documents exchanged outside its walls with non-attorneys. The County has not met its burden to show that these documents are protected by the attorney-client privilege.

Likewise, the County fails to make a showing sufficient to establish that any documents are work-product protected. The work product doctrine is not a privilege, but a qualified immunity used to protect documents that have been prepared by a party or his representative in anticipation of litigation from disclosure during discovery. Miller v. Pancucci, 141 F.R.D. 292, 303 (C.D. Cal. 1992). The federal work product doctrine codified in Rule 26 of the Federal Rules

---

[2] Defendants request an in-camera review of these responsive documents. ECF No. 58 at 8-9. Because the documents as described do not fall within a privilege protection, the court sees no need for an in-camera review.

of Civil Procedure. Rule 26(b)(3)(A) provides that "[o]rdinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative[.]" If a court orders production of such materials, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The party asserting protection bears the burden of proving the doctrine applies demonstrating that the materials are: (1) documents and tangible things; (2) prepared in anticipation of litigation or for trial; and, (3) the documents or tangible things were prepared by or for the party or the attorney asserting the privilege. Anderson v. Marsh, 312 F.R.D. 584, 592 (E.D. Cal. 2015). "To be protected by the doctrine, the primary motivating purpose behind the creation of the materials must be to aid in possible future litigation;" if there is a dual purpose to the preparation, the materials must have been created "because of" the impending litigation. Id.

Here, it is clear that the documents at issue would have been created whether or not this civil action was brought. They were prepared in the ordinary course of business, not "because of" this litigation. The County has failed to demonstrate otherwise, and has therefore not met its burden. In summary, plaintiff's motion is GRANTED with respect to RFP 48. Responsive documents must be produced.

        3.   <u>Responses to RFPs 54-59 Must be Produced</u>

Plaintiff's requests 54-59 each seek the production of documents related to previously filed lawsuits involving alleged constitutional violations by defendant Officer Allbee. The County argues that discovery related to the previously filed lawsuits is irrelevant, that the requests are unreasonably untailored, and that this discovery should be stayed because it is premature considering the County's pending motion to dismiss/strike at ECF No. 51. As a preliminary matter, the County's motion-within-a-motion is improper; the court will not consider defendant's request to stay discovery. Such a motion should have been brought as a separately and properly briefed by both parties.

As to relevance, "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the

trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "Relevance for purposes of discovery is defined very broadly." Garneau v. City of Seattle, 147 F.3d 802, 812 (9th Cir. 1998). Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. Relevancy to the subject matter of the litigation "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevance, however, does not establish discoverability; in 2015, a proportionality requirement was added to Rule 26. Under the amended Rule 26, relevance alone will not justify discovery; discovery must also be proportional to the needs of the case.

Here, plaintiff argues that the prior cases are relevant to her claims against Allbee and the County because when "the same officer repeatedly violates the constitutional rights of a [municipality's] residents, and the [municipality] is on notice of these violations and fails to properly discipline the officer, by definition the [municipality] is deliberately indifferent to the likelihood that the officer will continue to commit constitutional violations in the future." Hayes v. Riley, No. 20-CV-04283-VC, 2020 WL 5816581, at *2 (N.D. Cal. Sept. 30, 2020). The court agrees. The County argues that none of the cases referenced resulted in an actual finding of unconstitutional conduct on the part of Officer Allbee. ECF No. 58 at 21. A review of the cases, however, shows that one of the cases (Bellinger v. Allbee, E.D. Cal. Case No. 2:02-cv-02335-LKK-GGH) appears to have settled, and one pro se case was dismissed for failure to prosecute (Wilkes v. Sacramento Sheriff, E.D. Cal. Case No. 2:02-cv-00952-MCE-DAD). Such dismissals are not necessarily vindications of Officer Allbee's alleged conduct. The defendant also argues that the cases are old, dating from 2002 – 2015. ECF No. 58 at 21. This argument cuts both ways and weighs in favor of allowing discovery. The argument that these prior cases are stale is no more persuasive than the argument that cases dating so far back show that the County has been on notice of repeated claims of misconduct against Officer Allbee for nearly twenty years.

////

Finally, the County asserts that production would be burdensome, but bases that argument on the assertion that the discovery is irrelevant. ECF No. 58 at 22. The court does not find the discovery facially disproportionate to the needs of this case. Nor does the court find the requests to be overly broad or untailored. Based on a review of the RFPs, the First Amended Complaint, and the parties' arguments, the court finds this discovery both relevant and proportional. To the extent that there are privileged or work-product protected responsive documents, those must be cataloged in a privilege log and the remainder of responsive documents must be produced. The motion is GRANTED with respect to RFPs 54-59.

D. Request for Expenses and Fees

Plaintiff seeks an award of costs and fees in the event her motion is granted in whole or in part; defendant opposes, arguing that where reasonable minds could differ, sanctions are not appropriate. ECF No. 58 at 24-25. Federal Rule of Civil Procedure 37(a)(5)(A) provides that if a motion to compel is granted, the court "must," after providing an opportunity to be heard, require the party whose conduct necessitated the filing of the motion to pay reasonable expenses including attorney's fees. Fed. R. Civ. P. Rule ("Rule") 37(a)(5)(A). However, the court "must not" order payment if the moving party filed the motion before attempting in good faith to resolve the matter, if the nondisclosure was substantially justified, or if other circumstances make an award unjust. Rule 37(a)(5)(A) (i)-(iii).

Here, the court declines to award fees, finding an award would be unjust under the circumstances. Plaintiff's motion is being granted in part, but half of plaintiff's motion was unnecessary: the court has already ruled that absent specific evidence regarding withholding, it will not grant a motion to compel where defendant has certified that there are no further responsive documents to produce. Further, though the court ultimately agrees with plaintiff as to the production of prior case information, it was a topic of reasonable dispute. No party is entitled to fees under the circumstances.

////

////

////

III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel is GRANTED as to RFPs 48 and 54-59 and DENIED as to RFPs 50-53, and 60.

IT IS SO ORDERED.

DATED: June 3, 2021

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE