UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL R. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, SCOTT R. JONES, and DAREN D. ALLBEE,<br><br>Defendants. | No. 2:19-cv-01545-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through this action, Plaintiff Crystal R. Sanchez ("Plaintiff") seeks to recover damages against the County of Sacramento ("County"), the Sacramento County Sheriff's Department ("SCSD"), Sheriff Scott R. Jones ("Jones"), and Deputy Daren D. Allbee ("Allbee") (collectively "Defendants") for violations of various rights arising under both state and federal law. First Amended Complaint ("FAC"), ECF No. 46. Presently before the Court is Defendants' Motion to Dismiss/Strike Plaintiff's FAC, which Plaintiff timely opposed. ECF Nos. 51, 53. For the reasons that follow, Defendants' Motion is GRANTED in part and DENIED in part.[1]

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. See E.D. Cal. Local Rule 230(g).

1

# BACKGROUND[2]

Plaintiff is affiliated with several organizations whose mission is to assist homeless individuals.  For months prior to May 2019, Plaintiff was assisting homeless persons on an undeveloped lot on the 5700 block of Stockton Boulevard in Sacramento County.  Plaintiff alleges that she had several encounters with Deputy Allbee during this time, including when he threatened to arrest her while she was protesting law enforcement clearing homeless people from the area.

On May 17, 2019, Plaintiff heard that SCSD deputies were making arrests in the area and she returned to the Stockton Boulevard location.  According to Plaintiff, Allbee called her by name, immediately handcuffed her, and accused her of driving without a valid California Driver's License.  Allbee then informed Plaintiff that, incident to her arrest, he was going to have her vehicle towed and impounded, despite the presence of several individuals with valid driver's licenses who purportedly offered to take custody of the vehicle.  Prior to the vehicle being towed, Allbee searched it and its contents, including Plaintiff's purse.  According to Plaintiff, to date she lacks the necessary funds to obtain release of her vehicle, which remains impounded.

Plaintiff thereafter initiated this action alleging claims for: (1) Retaliation in violation of the First Amendment to the United States Constitution (first cause of action); (2) False Detention/Arrest in violation of the Fourth Amendment (second cause of action); (3) Unreasonable Search and Seizure in violation of the Fourth Amendment (third and fourth causes of action); (4) False Detention/Arrest under the California Constitution (fifth cause of action); (5) Unreasonable Search and Seizure under the California Constitution (sixth and seventh causes of action); (6) violation of California's Bane Act, Cal. Civ. Code § 52.1 (eighth cause of action); (7) False Imprisonment (ninth cause of action); (8) Trespass (tenth cause of action); (9) Intentional Infliction of Emotional Distress ("IIED") (eleventh cause of action); and (10) Negligence (twelfth

---

[2] The material facts of this matter are provided from the FAC ¶¶ 20-37.

cause of action). Defendants now seek to strike certain elements of Plaintiff's allegations and to dismiss the entire FAC.[3]

## STANDARD

### A. Motion to Dismiss

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure ("FRCP") 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations and quotation marks omitted). A court is not required to accept as true a "legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must contain something more than "a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotation marks omitted). Thus, "[w]ithout some factual allegation in the complaint, it is

---

[3] Defendants did not seek to dismiss claims five, six, seven, or ten.

3

hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### B. Motion to Strike

The Court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (cleaned up).  "Motions to strike are generally disfavored and should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation." Holmes . Elec. Document Processing, Inc., 966 F. Supp. 2d 925, 930 (N.D. Cal. 2013) (cleaned up).

### C. Leave to Amend

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . .

1   carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183,
2   185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that
3   "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group,
4   Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006,
5   1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir.
6   1989) ("Leave need not be granted where the amendment of the complaint . . .
7   constitutes an exercise in futility . . . .")).

## ANALYSIS

### A.  Plaintiff's Federal Claims

#### 1.  False Detention / Arrest Under the Fourth Amendment (Second Cause of Action)

Plaintiff contends her arrest was unlawful because it was not supported by probable cause.  Indeed, an officer who conducts "an arrest without probable cause violates the Fourth Amendment and gives rise to a claim for damages under [42 U.S.C.] § 1983." Rosenbaum v. Washoe Cty., 663 F.3d 1071, 1076 (9th Cir. 2011) (citation omitted).  "An officer has probable cause to make a warrantless arrest," however, "when the facts and circumstances within his knowledge are sufficient for a reasonably prudent person to believe that the suspect has committed a crime." Id.  As is relevant here, the California Vehicle Code prohibits operating a motor vehicle on a suspended driver's license, so long as the driver has proper notice.  Cal. Veh. Code § 14601.1(a); cf. Cal. Veh. Code § 12500 (driving without a valid license).

Plaintiff has acknowledged that she was driving without a license at the time of her arrest.  See Reply, ECF No. 54 at 6.  Even so, she contends that Allbee was not privy to that fact because he did not see her driving the vehicle.[4]  Opp'n at 12 (citing FAC

---

[4] Plaintiff's additional arguments (e.g., that she had previously interacted with Allbee and that other drivers were present to take custody of the vehicle) have no bearing on the probable cause analysis. Under the Fourth Amendment, the reasonableness of a police seizure is not measured by the officer's

5

at 7). Under federal law, a probable cause determination is not dependent on the officer being present when a suspect committed a misdemeanor. "Rather, the crucial inquiry is whether [the officer] had probable cause to make the arrest." Barry v. Fowler, 902 F.2d 770, 772 (9th Cir. 1990). Here, the facts as alleged plausibly state a claim that Allbee lacked probable cause to arrest Plaintiff. Accordingly, Defendants' Motion to Dismiss as to False Detention / Arrest (Claim Two) is DENIED.

### 2. Retaliation Under the First Amendment (First Cause of Action)

Plaintiff next contends that the constitutional violations alleged occurred in retaliation for her protesting removal of homeless individuals earlier in the month. Defendants contend that the FAC fails to state such a claim because under the facts as alleged, Allbee had probable cause for Plaintiff's arrest. Given this Court's finding to the contrary above, Defendant's argument here is unpersuasive. Accordingly, Defendants' Motion to Dismiss Plaintiff's retaliation claim is DENIED.

### 3. Unreasonable Search and Seizure Under the Fourth Amendment (Third and Fourth Causes of Action)

Defendants move to dismiss both of these claims, arguing that the search and seizure of Plaintiff's vehicle and purse were valid inventory searches incident to the vehicle being impounded. The California Vehicle Code allows a peace officer to impound a vehicle when it is "found upon a highway or public . . . property and a peace officer has probable cause to believe that the vehicle was used as the means of committing a public offense." Cal. Veh. Code § 22655.5; see also Cal. Veh. Code § 22651(p) (allowing removal if "the peace officer issues the driver of a vehicle a notice to appear for a violation of Section 12500, 14601, 14601.1, 14601.2, 14601.3, 14601.4, 14601.5, or 14604, and the vehicle is not impounded pursuant to Section 22655.5"). "Under the [Fourth Amendment] community caretaking exception, police officers may

---

"actual motivations," so long as the legal motivation was objectively reasonable. Whren v. United States, 517 U.S. 806, 813 (1996). Nor has the Court uncovered any authority standing for the proposition that an officer must survey a crowd for lawful drivers prior to arresting an individual on suspicion of driving on a suspended license.

6

impound vehicles that jeopardize public safety and the efficient movement of vehicular traffic." United States v. Cervantes, 703 F.3d 1135, 1141 (9th Cir. 2012) (cleaned up). The Supreme Court has consistently allowed inventory searches of "automobiles impounded or otherwise in lawful police custody where the process is aimed at securing or protecting the car and its contents." S. Dakota v. Opperman, 428 U.S. 364, 373 (1976) (recognizing the community caretaking function).

But the power to search and impound a vehicle is not limitless. To the contrary, "[o]nce [a plaintiff] [is] able to provide a licensed driver who could take possession of the [vehicle], [a defendant's] community caretaking function [is] discharged." See Sandoval v. Cty. of Sonoma, 912 F.3d 509, 516 (9th Cir. 2018). In this case, Plaintiff has plausibly alleged that impounding her vehicle was unconstitutional because other licensed drivers were available and offered to take custody. Neither a showing that there was probable cause for Plaintiff's arrest, if it had been made, or that Deputy Allbee's decision complied with state law are sufficient to undermine this conclusion. See id. at 515-16; Miranda v. City of Cornelius, 429 F.3d 858, 864 n.4 (9th Cir. 2005) (holding that probable cause of a vehicle violation, standing alone, is not a sufficiently reasonable justification for impoundment under the Fourth Amendment).[5] Accordingly, considering the allegations in the light most favorable to Plaintiff,[6] the Court finds that she pled sufficient facts supporting the conclusions that the seizure and subsequent search of her vehicle were unjustified. See Brewster v. Beck, 859 F.3d 1194, 1196-97 (9th Cir. 2017).

///

---

[5] The purse was confiscated because it was in the vehicle, and its search and seizure are thus invalid as well.

[6] For example, although it is not explicit in the FAC, the Court infers that Plaintiff, who avers that to date she still cannot afford to pay for the release of her vehicle, authorized Deputy Allbee to turn her car over to any of a number of the individuals who offered to do so. It would likely be problematic to Plaintiff's claim if she could not show that she affirmatively consented to having Allbee turn over the car to a qualified third party. Clearly, law enforcement officers are not liable for failing to give custody of a vehicle to an unrelated party merely because they are licensed — if anything, the opposite may be true. Cf. Sandoval, 912 F.3d at 516 ("Once [the unlicensed driver] was able to provide a licensed driver who could take possession of the truck, the City's community caretaking function was discharged.") (emphasis added). Given the facts presented in the FAC, however, the Court finds Plaintiff's allegations are sufficient to move forward.

Defendants' Motion to Dismiss Claims Three (Unreasonable Seizure) and Four (Unreasonable Search) is DENIED.

### 4. **Monell Liability**

Defendants also seek to dismiss all of Plaintiff's federal claims to the extent they are based on a Monell theory of liability. Municipalities and local officials cannot be vicariously liable for the conduct of their employees under § 1983, but rather are only "responsible for their own illegal acts." Connick v. Thompson, 563 U.S. 51, 60 (2011) (citing Monell v. New York City Department of Social Services, 436 U.S. 658, 665-83 (1978)). In other words, a municipality may only be liable where it individually caused a constitutional violation via "execution of government's policy or custom, whether by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy." Monell, 436 U.S. at 694. The Supreme Court has made clear that plaintiffs may not merely state that a municipal employee wronged them to achieve success on a Monell claim: "Where a plaintiff claims that the municipality has not directly inflicted an injury, but nonetheless has caused an employee to do so, rigorous standards of culpability and causation must be applied to ensure that the municipality is not held liable solely for the actions of its employee." Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 405 (1997) (emphasis added). Following Twombly and Iqbal, the Ninth Circuit Court of Appeals held that Monell plaintiffs must provide allegations that are not mere recitations of the elements of such a claim, and such facts must plausibly suggest entitlement to relief. AE ex rel. Hernandez v. Cty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012); see, e.g., Dougherty v. City of Covina, 654 F.3d 892, 900-01 (9th Cir. 2011).

There is no magic number of incidents that a plaintiff must plead in order to proceed with a Monell claim. See Gonzalez v. County of Merced, 289 F. Supp. 3d 1094, 1099 (E.D. Cal. 2017). However, the offer of "multiple incidents of alleged violations" is often adequate at the motion to dismiss stage. See Bagley v. City of Sunnyvale, No. 16-CV-02250-JSC, 2017 WL 5068567, at *5 (N.D. Cal. Nov. 3, 2017) (collecting cases). A plaintiff providing sufficiently similar allegations in a related timeframe that

8

resulted in a finding of liability or settlement may be sufficient to "plausibly allege the existence of a policy or custom pursuant to Monell." Est. of Osuna v. Cty. of Stanislaus, 392 F. Supp. 3d 1162, 1173-74 (E.D. Cal. 2019).

Here, Plaintiff pled numerous incidents of plausible deputy misconduct within the SCSD.  However, Plaintiff's provided cases are too attenuated to the constitutional causes of action proceeding from this Motion.  Cf. Monell, 436 U.S. at 694.  Accordingly, Defendants' Motion to Dismiss is GRANTED with leave to amend as to Plaintiff's Monell theory of liability.[7]

### 5. Supervisory Liability

Finally as to Plaintiff's federal claims, Defendants aver that she failed to properly allege supervisory liability for Defendant Jones under 42 U.S.C. § 1983.  Plaintiff argues that there is a causal connection between the wrongful conduct of Defendant Jones and the alleged constitutional violations of the instant matter.  See Opp'n at 10.

"Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability.  A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989) (cleaned up). "Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Id. at 646 (cleaned up). "The law clearly allows actions against supervisors under

---

[7] Defendants' motion to strike a number of Plaintiff's allegations going to Monell liability is DENIED.  Courts have demonstrated significant hesitancy in striking materials that tend to demonstrate such liability.  See, e.g., Franklin v. City of Chicago, No. 1:18-CV-06281, 2020 WL 374669, at *4 (N.D. Ill. Jan. 23, 2020); Rodriguez v. City of New York, No. CV-16-00214 (ENV) (ST), 2016 WL 3264166, at *2-3 (E.D.N.Y. June 13, 2016); Mucci v. Twp. of Upper Darby, No. 2:14-CV-5215-CDJ, 2015 WL 13609777, at *1 n.1 (E.D. Pa. Mar. 31, 2015).  Here, the Court construed all of the allegations in the FAC in Plaintiff's favor and still concluded, based on the significantly narrowed constitutional issues, that Plaintiff had not identified a basis for Monell liability as to the potentially improper vehicle search and seizure.  Nevertheless, as Plaintiff is receiving leave to amend, striking the requested material is inappropriate at this juncture.

section 1983 as long as a sufficient causal connection is present . . . ." Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011). Such causation may be established "by setting in motion a series of acts by others," or by "knowingly refusing to terminate a series of acts by others, which the supervisor knew or reasonably should have known would cause others to inflict a constitutional injury." Id. at 1207-08 (cleaned up). "A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others." Id. at 1208 (cleaned up).

Here, Plaintiff alleges that Defendant Jones, inter alia, failed "to investigate and discipline employees in the face of widespread constitutional violations"; failed to act in response to "numerous incidents" and "systematic problems"; and created and maintained "a culture of impunity." Opp'n at 10 (cleaned up). However, a plaintiff cannot establish supervisory liability by merely alleging that a defendant has final policy-making authority; there must be a causal relationship between the authority and unconstitutional conduct. See, e.g., Turano v. Cty. of Alameda, No. 17-CV-06953-KAW, 2018 WL 3054853, at *9 (N.D. Cal. June 20, 2018). Plaintiff here offers only conclusory statements that Defendant Jones failed to adequately investigate misconduct and maintained "a culture of impunity." FAC at ¶ 52; see id. at ¶ 54. Such allegations do not suffice. See Tennyson v. Cty. of Sacramento, No. 2:19-CV-00429-KJM-EFB, 2020 WL 4059568, at *3 (E.D. Cal. July 20, 2020) (finding that plaintiffs failed to "plead factual support . . . linking Sheriff Jones's conduct to each underlying deprivation"); id. at *4 (comparing viable supervisory liability claims). Therefore, Defendants' Motion to Dismiss as to this claim is GRANTED, and Plaintiff's supervisory liability claims against Defendant Jones are DISMISSED with leave to amend.

///

///

///

B.  **Plaintiff's State Claims**[8]

  1.  **Violation of the Bane Act, Cal. Civ. Code § 52.1 (Eighth Cause of Action)**

"The elements of a cause of action under the Bane Act are: (1) defendants interfered by threat, intimidation, or coercion, or attempted to interfere . . . ; (2) with the exercise or enjoyment by any individual of rights secured by federal or state law." Ordonez v. Stanley, 495 F. Supp. 3d 855, 865-66 (C.D. Cal. 2020) (citing King v. State of Cal., 242 Cal. App. 4th 265, 294 (2015)). "Plaintiff must allege defendants had a specific intent to violate the rights of plaintiff." Id. at 866 (citing Reese v. Cty. of Sacramento, 888 F.3d 1030, 1043 (9th Cir. 2018)). Further, a "plaintiff must prove that the defendant(s) interfered (or attempted to interfere) with her rights . . . (and that the defendant(s) did so other than by speech alone, unless the speech itself threatened violence)." Doe By & Through Doe v. Petaluma City Sch. Dist., 830 F. Supp. 1560, 1582 (N.D. Cal. 1993); see Johnson v. City of Atwater, No. 1:18-CV-00920-DAD-SAB, 2019 WL 4166842, at *7 (E.D. Cal. Sept. 3, 2019), report and recommendation adopted, No. 1:18-CV-00920-DAD-SAB, 2019 WL 7290514 (E.D. Cal. Dec. 30, 2019) (citing Doe with approval); Johnson v. Baca, No. CV 13-04496 MMM (AJWx), 2014 WL 12588641, at *15 (C.D. Cal. Mar. 3, 2014) (same); Austin B. v. Escondido Union Sch. Dist., 149 Cal. App. 4th 860, 882, 57 Cal. Rptr. 3d 454, 471 (2007) (citing California jury instructions[9] in holding that section 52.1 requires a threat or act of violence).

At least one court has found that "an unlawful search or seizure can form the basis of a cause of action under § 52.1." Martin v. Cty. of San Diego, No. 03-CV-1788-IEG (WMC), 2004 WL 7334370, at *4 (S.D. Cal. May 12, 2004). Reviewing the facts in the light most favorable to Plaintiff, she has pled that her arrest was not supported by

---

[8] As indicated, Defendants did not expressly seek to dismiss Plaintiff's claims arising under the California Constitution. They are thus not addressed on the merits. Defendants did, however, seek to dismiss those claims against Jones. ECF No. 51-1 at 11-12. For the reasons stated, Defendants' Motion is well-received, and those claims are DISMISSED with leave to amend as to Jones only.

[9] Previously CACI No. 3025, now CACI No. 3066.

probable cause, thus invoking a level of "coercion" prohibited by the Bane Act. See id. at *3-4. Accordingly, Defendants' Motion to Dismiss as to this claim is DENIED.

### 2. False Imprisonment (Ninth Cause of Action)

The tort of false imprisonment "consists of the nonconsensual, intentional confinement of a person, without lawful privilege, for an appreciable length of time, however short." Fermino v. Fedco, Inc., 7 Cal. 4th 701, 715 (1994). "Restraint may be effectuated by means of . . . arrest." Id. Under the California Penal Code, "an officer cannot be held civilly liable for false imprisonment where the officer, acting within the scope of his or her authority, made a lawful arrest or had reasonable cause to believe the arrest was lawful." Blankenhorn v. City of Orange, 485 F.3d 463, 486 (9th Cir. 2007) (citing Cal. Pen. Code § 847(b)) (cleaned up). Because, as alleged, Plaintiff has pled that she was arrested without probable cause, the Motion to Dismiss this claim is DENIED.

### 3. IIED (Eleventh Cause of Action)

Plaintiff's IIED allegations are entirely conclusory and merely recite the elements of this common law tort. This claim thus fails on its pleading alone. See Twombly, 550 U.S. at 570. It is DISMISSED with leave to amend.

### 4. Negligence (Twelfth Cause of Action)

Finally, Defendants seek to dismiss Plaintiff's negligence claim, by which she argues that Defendant Allbee, and vicariously County and SCSD, breached their owed duty of care. "To establish negligence, a party must prove the following: (a) a legal duty to use due care; (b) a breach of such legal duty; (c) the breach as the proximate or legal cause of the resulting injury." Hernandez v. City of San Jose, 14 Cal. App. 4th 129, 133 (1993) (cleaned up) (emphases omitted). Law enforcement officers have "a duty to perform their official duties in a reasonable manner." Lugtu v. California Highway Patrol, 26 Cal. 4th 703, 717 (2001) (citing affirmatively Whitton v. State of California, 98 Cal. App. 3d 235 (1979)) (cleaned up). Negligence liability "may be imposed if . . . an officer undertakes affirmative acts that increase the risk of harm to the plaintiff." Zelig v. Cty. of

Los Angeles, 27 Cal. 4th 1112, 1129 (2002) (emphasis added).

Generally, courts considering such "affirmative acts" are discussing the actions of officers placing a plaintiff in physical danger (e.g., directing a plaintiff to move their vehicle at their own peril). See, e.g., McCorkle v. Los Angeles, 70 Cal. 2d 252 (1969). However, affirmative acts are not so limited. See, e.g., Pierce v. Cty. of Marin, 291 F. Supp. 3d 982, 1000 (N.D. Cal. 2018) (denying defendants' motion to dismiss when county employees through acts and omissions caused plaintiff to be wrongfully arrested on multiple occasions); Garcia v. City of King City, No. 14-CV-01126-BLF, 2015 WL 1737936, at *3 (N.D. Cal. Apr. 8, 2015) (denying defendants' motion to dismiss where plaintiff plausibly alleged that an officer failed his duty to comply with the law regarding the seizure and impoundment of vehicles).

As alleged, Allbee committed an affirmative act in his official capacity when he arrested Plaintiff and seized her car. In doing so, he assumed a duty to perform these undertakings — as they pertained to Plaintiff — in a reasonable manner. See Whitton, 98 Cal. App. 3d at 241 ("[O]fficers need not exercise perfect judgment. Their duty is to perform their official duties in a reasonable manner."). Plaintiff has adequately pled facts going to the remaining elements as well.[10] Accordingly, Defendants' Motion to Dismiss Claim Twelve (Negligence) is DENIED.

///
///
///

## CONCLUSION

In consideration of the foregoing, Defendants' Motion to Dismiss (ECF No. 51) is

---

[10] Defendants' arguments as to immunity are unavailing. Public employees are "liable for injury caused by his act or omission to the same extent as a private person." Cal. Gov't Code § 820(a); see Frausto v. Dep't of California Highway Patrol, 53 Cal. App. 5th 973, 989 (2020); see also Cal. Civ. Code § 1714(a). Public entities are "liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would . . .have given rise to a cause of action against that employee . . . ." Cal. Gov't Code § 815.2(a); see Mackie v. Cty. of Santa Cruz, 444 F. Supp. 3d 1094, 1115 (N.D. Cal. 2020).

**GRANTED** in part and **DENIED** in part as follows:

1. Defendants' Motion to Strike is **DENIED**.

2. Defendants' Motion to Dismiss is **DENIED** as to the following claims: Claim One (False Detention/Arrest); Claim Two (Retaliation); Claim Three (Unreasonable Seizure); Claim Four (Unreasonable Search); Claim Eight (Bane Act); Claim Nine (False Imprisonment); and Claim Twelve (Negligence).

3. Defendants' Motion to Dismiss is **GRANTED** with leave to amend as to the following claims: Monell; Supervisory Liability; and Claim Eleven (IIED).

4. Defendants' Motion to Dismiss is **GRANTED** with leave to amend as to Jones only as to the following claims: Claim Five (False Detention/Arrest under the California Constitution); Claims Six and Seven (Unreasonable Search and Seizure under the California Constitution).

Not later than twenty (20) days following the date this Memorandum and Order is electronically filed, Plaintiff may, but is not required to, file an amended complaint. If no amended complaint is timely filed, the causes of action dismissed herein will be deemed dismissed with prejudice upon no further notice to the parties.

IT IS SO ORDERED.

Dated: September 7, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE