UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL R. SANCHEZ,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SACRAMENTO, SACRAMENTO COUNTY SHERIFF'S DEPARTMENT, and DAREN D. ALLBEE,<br><br>Defendants. | No.  2:19-cv-01545-MCE-AC<br><br>**ORDER** |

On June 4, 2021, the assigned magistrate judge granted in part and denied in part Plaintiff Crystal R. Sanchez's ("Plaintiff") Motion to Compel, ordering Defendants County of Sacramento ("County"), Sacramento County Sheriff's Department ("SCSD"), and Deputy Daren D. Allbee ("Allbee") (collectively, "Defendants"), in part, to produce documents in accordance with Requests for Production ("RFP") Nos. 54–59.  ECF No. 59.  Through RFP Nos. 54–59, Plaintiff requests production of documents from six previously filed lawsuits involving alleged constitutional violations by Allbee.  See id. at 3–4.  Specifically, Plaintiff requests documents from the "investigation of the complaint[s] against [Allbee] . . . including:  formal or informal complaints, interviews conducted, statements received, correspondence sent or received, video/audio recordings, reports and memos prepared."  See id.  Defendants subsequently filed a Motion for

1

1   Reconsideration of the magistrate judge's order, which this Court denied on March 23,
2   2022.  ECF Nos. 60, 75.  In addition to denying Defendants' Motion for Reconsideration,
3   the Court also ruled on Defendants' Motion to Dismiss, ECF No. 70, and dismissed
4   Plaintiff's Monell claims based on the County and SCSD's alleged records destruction
5   policy; custom of inadequate training, supervision, and discipline; and ratification.  See
6   ECF No. 75, at 13–14.  Finally, the Court also granted Defendants' Motion to Strike
7   various paragraphs from the Second Amended Complaint ("SAC") related to the
8   dismissed Monell theories of liability, including paragraph 43(a)–(f) which listed the six
9   aforementioned lawsuits.  Id. at 19–20; see ECF No. 69 ¶ 43.  Presently before the Court
10  is Defendants' Motion for Clarification/Reconsideration of this Court's Order Requiring
11  Production in Response to Plaintiff's RFP Nos. 54–59, which has been fully briefed.
12  ECF Nos. 76 ("Defs.' Mot."), 79 ("Pl.'s Opp'n"), 81.

13       In the present Motion, Defendants argue that, because "Plaintiff's RFP Nos. 54–
14  59 now seek documents related to dismissed and stricken claims," they "are no longer
15  relevant or proportional to the remaining claims in this case under [Federal Rule of Civil
16  Procedure] 26(b) and are outside the scope of permissible discovery."  Defs.' Mot. at 3.
17  Plaintiff counters that "the six prior lawsuits against Deputy Allbee could be relevant and
18  proportional to the needs of this case for reasons other than Monell liability."  Pl.'s Opp'n
19  at 79, at 8 (emphasis in original) (stating that "the investigations of the six prior incidents
20  involving Deputy Allbee could demonstrate that he is dishonest" or be used for
21  impeachment purposes).  Furthermore, Plaintiff argues that she "is entitled to relevant
22  and proportional discovery, including information giving rise to the" remaining Monell
23  theory, i.e., a custom of permitting personnel to conduct suspicionless warrant searches.
24  Id. at 9.

25       The six aforementioned lawsuits involve Allbee's alleged "record of abuse against
26  inmates during the time which he was employed at the jail facilities," including excessive
27  force and racial discrimination.  ECF No. 69 ¶ 43.  In ruling on Defendants' first and
28  second Motions to Dismiss, the Court found that "Plaintiff's provided cases were too

attenuated to the constitutional causes of action proceeding from th[ese] Motion[s]." ECF No. 68, at 9; ECF No. 75, at 14.  Similarly, in granting Defendants' Motion to Strike, the Court explained that while "[s]uch allegations may have been relevant to Plaintiff's previous theories of Monell liability, . . . [paragraph 43] [is] not sufficiently related to whether the County and SCSD had a custom of conducting suspicionless warrant searches."  Id. at 20.

After careful consideration, the Court agrees with Defendants that the six former lawsuits involving Allbee's alleged constitutional violations against inmates are not sufficiently similar to the remaining Monell theory based on suspicionless warrant searches.  Such lawsuits may have been relevant to Plaintiff's previously dismissed Monell theories of inadequate training, supervision, and discipline, as well as ratification, but are not relevant or related to suspicionless warrant searches.  See, e.g., Centeno v. City of Fresno, Case No. 1:16-cv-00653-DAD-SAB, 2016 WL 7491634, at *6–10 (E.D. Cal. Dec. 29, 2016) (determining whether other claims of misconduct were relevant or "sufficiently similar" to the claims in the instant case).  Accordingly, Defendants' Motion for Clarification/Reconsideration of this Court's Order Requiring Production in Response to Plaintiff's RFP Nos. 54–59, ECF No. 76, is GRANTED.  Defendants shall not be required to respond to Plaintiff's RFP Nos. 54–59.

IT IS SO ORDERED.

Dated:  May 12, 2022

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE